**Jose Arturo MURILLO–SALMERON, Petitioner,**

v.

**IMMIGRATION and NATURALIZATION SERVICE, Respondent.**

No. 02–70704.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 14, 2003.

Filed April 28, 2003.

---

Robert B. Jobe, Jonathan Chudler, San Francisco, CA, for the petitioner.

Robert D. McCallum, Michael P. Lindemann, Douglas E. Ginsburg, United States Department of Justice, Civil Division, Washington, DC, for the respondent.

Before: NOONAN, TASHIMA, and WARDLAW, Circuit Judges.

WARDLAW, Circuit Judge:

The decisions on review can best be described as two ships passing in the night. We are presented with a petition for review of a final deportation order of the Board of Immigration Appeals ("BIA") affirming a decision that the Immigration Judge ("IJ") did not make. We hold that the BIA committed legal error in deporting Petitioner based on his ineligibility for a waiver which, as the IJ noted in the very decision under review, was not required in the first place. While we recognize that the BIA is swimming in a sea of cases, barely able to keep itself afloat, there remains no excuse for the apparent failure to read the decision one is reviewing and to review the decision that was made.

## I.

Jose Arturo Murillo–Salmeron ("Murillo") left his native Mexico to emigrate to the United States in 1977, at the age of fifteen. He became a temporary lawful resident in 1989 under the INA's legalization program.

During his twenty-five years in the United States, Murillo married a U.S. citizen and is raising three children and two stepchildren. Each of his children has individually petitioned the immigration court not to deport their father. Over the last three decades, Murillo's parents and siblings have all emigrated to the United States, and many are now citizens, including over twenty nieces and nephews. None of his close family members remain in Mexico.

At some point after his emigration as a teenager, Murillo suffered a bout with alcoholism. He now drinks extremely infrequently if at all. He and his family are very active in their church, and Murillo participates regularly in the recovery program that the church provides.

In 1996, the Immigration and Naturalization Service ("INS") revoked Murillo's temporary resident status because his initial entry in 1977, twenty years prior, at the age of fifteen had been uninspected. *See* INA § 241(a)(1)(B), 8 U.S.C. § 1251(a)(1)(B). The INS then filed an Order to Show Cause, commencing deportation proceedings.

## II.

In response to the INS's Order to Show Cause, Murillo admitted that he had entered the country uninspected two decades earlier. He therefore filed an application for an adjustment of status, based on his marriage to a United States citizen, which would prevent his deportation under Immigration and Nationality Act ("INA") § 245, 8 U.S.C. § 1255 (" § 245"). As a "protective measure," Murillo also applied for a waiver of inadmissibility under INA § 212(h), 8 U.S.C. § 1182(h) (" § 212") in case an IJ determined that his prior convictions for driving under the influence of alcohol ("DUI") rendered him inadmissible, and thus ineligible for an adjustment of status.

On September 9, 1999, the IJ issued its decision on Murillo's application for adjustment of status. After recognizing that inadmissibility would preclude Murillo's eligibility for such an application, the IJ stated:

> [A]lthough [Murillo] has filed ... for a waiver of crimes under section 212(h), the Court need not address the application in respect to the drunk driving offenses. The respondent indeed appears not to be inadmissible because of his drunk driving history ... In sum, it appears respondent is fully eligible for adjustment of status.

Accordingly, the IJ did not address Murillo's application for a § 212(h) waiver. The IJ denied Murillo's application as a discre-

tionary matter, however, and ordered him deported. Murillo appealed to the BIA.

The BIA purported to affirm the IJ's decision. The first of the opinion's three paragraphs reads:

We have jurisdiction over this timely appeal pursuant to 8 C.F.R. § 3.1(b). Deportability is not an issue. The only issue on appeal is whether the Immigration Judge correctly found that the respondent had not established that he merited a favorable exercise of discretion for a section 212(h) waiver of inadmissibility in conjunction with his application for adjustment of status under section 245 of the [INA]. The appeal is dismissed.

Thus, the BIA majority "affirmed" the IJ's denial of a § 212(h) waiver, a decision the IJ did not make. In dissent, one BIA member wrote: "I would sustain the respondents [sic] appeal and grant the 212(h) waiver." Neither the BIA majority nor the dissenting opinion discussed the IJ's actual decision denying Murillo's § 245 application for adjustment of status.

### III.

■ We have jurisdiction over this petition for review under former 8 U.S.C. § 1105a (repealed 1996). Under the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub.L. No. 104–208, div. C, § 309(c), 110 Stat. 3009, 3009–626 ("IIRIRA"), we lack jurisdiction to review discretionary decisions under INA §§ 212, 245. IIRIRA § 309(c)(4)(E), 110 Stat. at 3009, 3009–626.[1] However, "[w]e continue to have jurisdiction to determine whether jurisdiction exists." *Aragon–Ayon v. INS*, 206 F.3d 847, 849 (9th Cir.2000). We also "retain jurisdiction to review whether the BIA applied the correct discretionary waiver standard in the first instance." *Cervantes–Gonzales v. INS*, 244 F.3d 1001, 1005 (9th Cir.2001). Nor do the transitional rules preclude our review of "those elements of statutory eligibility which do not involve the exercise of discretion." *Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997).

■ The INS argues that the BIA's denial of Murillo's requested adjustment of status is an unreviewable "discretionary decision" under IIRIRA § 309(c)(4)(E). This argument, however, is misdirected. We are not reviewing the BIA's discretionary denial of an application for adjustment of status, but rather the legal determination that Murillo requires a § 212(h) waiver to be statutorily eligible for such relief in the first instance. Whether DUI convictions render an alien inadmissible, thus requiring him to obtain a § 212(h) waiver of inadmissibility, is a nondiscretionary legal question squarely within our jurisdiction. *See Montero–Martinez v. Ashcroft*, 277 F.3d 1137, 1140–41 (9th Cir.2002); *cf. INS v. Ventura*, 537 U.S. 12, 123 S.Ct. 353, 355–56, 154 L.Ed.2d 272 (2002) (emphasizing that an appellate court should not "intrude upon the domain which Congress has exclusively entrusted to an administrative agency").

More to the point, we are not asked to review a discretionary decision denying Murillo's requested adjustment of status because the BIA never made that decision. Rather, the BIA purported to affirm the denial of a waiver that had not been denied. The BIA has no "discretion" to affirm a decision that was never made.

The INS next attempts to recast the decision of the BIA. It contends that the BIA did in fact review the correct discre-

---

1. Because Murillo's administrative proceedings commenced before April 1, 1997, and his final deportation order was issued after October 31, 1996, the transitional rules established by § 309(c)(4) of IIRIRA apply. *Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997).

tionary decision, the § 245 denial of adjustment of status, and any reference to § 212(h) was "merely an introductory restatement of [Murillo's] relief application." Having read the BIA's decision, we cannot indulge in this reconstruction of the opinion's three simple paragraphs when the BIA explicitly stated, "The *only* issue on appeal is whether the Immigration Judge correctly found that the respondent had not established that he merited a favorable exercise of discretion for a section 212(h) waiver ..." (emphasis added). The BIA never discussed the merits of Murillo's § 245 application and referenced it only to provide context for the § 212(h) waiver decision. The INS's suggested recharacterization of the opinion is at odds with the BIA's words.

Finally, the INS falls back on the equally unavailing argument that we should disregard the BIA's decision altogether and simply review the IJ's opinion because the BIA effectively adopted it as its own. While we understand the INS's reluctance to stand behind this particular BIA opinion, it strains credulity that we could read between its lines to find that the BIA was actually adopting a decision that reached a contrary result.

■ Because none of the INS's arguments convince us otherwise, we retain jurisdiction to review this nondiscretionary decision of the BIA, particularly when glaring procedural errors undermine its validity. We need not defer to a discretionary decision when "[w]e are uncertain whether the BIA would have exercised its discretion as it did if it had not misapprehended [a necessary fact]." *See Guzman v. INS*, 318 F.3d 911, 914 (9th Cir.2003) (recognizing that the BIA's misapprehension of fact vitiates the exercise of discretion).

## IV.

■ We review the legal determinations of the BIA de novo. *Andreiu v. Ashcroft*, 253 F.3d 477, 482 (9th Cir.2001) (en banc). Inadmissible aliens are ineligible for an adjustment of status without a § 212(h) waiver. *See Bui v. INS*, 76 F.3d 268, 270–71 (9th Cir.1996). The only category of crimes listed in INA § 212(h) that could colorably encompass Murillo's DUI convictions would be "crimes of moral turpitude." INA § 212(a)(2)(A)(1), 8 U.S.C. § 1182(a)(2)(A)(1). The BIA has unequivocally determined, however, that simple DUI convictions, even if repeated, are not crimes of moral turpitude. *In re Torres–Varella*, 23 I. & N. Dec. 78, Int. Dec. 3449, 2001 WL 534297 (B.I.A.2001) (en banc). The BIA thus erred in finding that Murillo required a § 212(h) waiver to be eligible for an adjustment of status, and we grant his petition. We therefore do not reach Murillo's claim that the BIA violated his due process rights by employing an incorrect standard of review.

## V.

Because the BIA deported Murillo based on his ineligibility for a waiver that he did not need, we grant his petition and vacate the decision. Although it seems plain enough that Murillo's twenty-five years of U.S. residence, four dependent citizen children, and entire extended family within the United States more than outweigh his stale DUI convictions, the procedural posture of this case requires us to return it to the BIA. *See Ventura*, 123 S.Ct. at 355–56.

PETITION GRANTED.