**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

DANIEL MANUEL RODRIGUEZ,
                         *Petitioner,*

            v.

ERIC H. HOLDER Jr., Attorney
General,
                         *Respondent.*

No. 09-70460

Agency No.
A018-202-415

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 14, 2010*
San Francisco, California

Filed August 23, 2010

Before: Alex Kozinski, Chief Judge, Consuelo M. Callahan,
Circuit Judge, and Ricardo S. Martinez, District Judge.**

Per Curiam Opinion

---

*The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

**The Honorable Ricardo S. Martinez, United States District Judge for
the Western District of Washington, sitting by designation.

12619

.

## COUNSEL

Holly S. Cooper, of the University of California at Davis Law School, Immigration Law Clinic, and Megan E. Lane, of Downey Brand LLP, for the petitioner.

Ada E. Bosque and Eric W. Marsteller, of the U.S. Department of Justice — Civil Division, Office of Immigration Litigation, and Ronald E. LeFevre, of the Department of Homeland Security, Office of the District Counsel, for the respondent.

## OPINION

PER CURIAM:

Daniel Manuel Rodriguez ("Rodriguez"), a lawful permanent resident, brings this petition for review of a decision of the Board of Immigration Appeals ("BIA") holding that he is removable pursuant to 8 U.S.C. § 1227(a)(2)(B)(i) based on his 2004 conviction for possession of less than 30 grams of concentrated cannabis. We have jurisdiction under 8 U.S.C. § 1252(a). On appeal, Rodriguez contends that, despite his prior convictions for possession of cocaine and heroin, he is entitled to the "personal use exception" of section 1227(a)(2)(B)(i), which exempts from removability those

convicted of only a "single offense involving possession for one's own use of 30 grams or less of marijuana." We disagree and deny his petition for review.[1]

## I.

Rodriguez, a citizen of Cuba, became a United States legal permanent resident in 1976. In 1996, he pled guilty to one count of possession of cocaine and one count of possession of heroin in violation of California Health and Safety Code § 11350(a). Based on his convictions, the Immigration and Naturalization Service ("INS") initiated proceedings to deport Rodriguez as an alien convicted of an aggravated felony.

While his deportation proceeding was pending, Rodriguez was convicted of two new crimes. First, Rodriguez pled guilty to possession of marijuana in violation of California Health & Safety Code § 11357(b). Second, Rodriguez pled guilty to willful infliction of corporal injury in violation of California Penal Code § 273.5(a). The INS alleged Rodriguez's conviction under California Penal Code § 273.5(a) as a separate ground for deportability. The immigration judge terminated the deportation proceeding by granting Rodriguez a discretionary waiver permitting him to remain in the United States pursuant to former Immigration and Nationality Act ("INA") § 212(c), 8 U.S.C. § 1182(c).

After the deportation proceeding ended, Rodriguez was convicted of two additional crimes. He pled guilty to posses-

---

[1]Rodriguez also seeks review of the BIA's determinations that: (1) he is removable based on his convictions for violating California Penal Code § 273.5; (2) he is ineligible for asylum based on his criminal history; and (3) he is ineligible for withholding of removal or relief under the Convention Against Torture because he has not demonstrated that it is more likely than not that he would be persecuted or tortured if removed to Cuba. We address these issues separately in a memorandum disposition filed simultaneously with this opinion, and we deny the petition for review in its entirety.

sion of concentrated cannabis in violation of California Health & Safety Code § 11357(a) and nolo contendere to willful infliction of corporal injury under California Penal Code § 273.5(a).

The Department of Homeland Security ("DHS") then commenced the current removal proceeding against Rodriguez. DHS alleged that Rodriguez was removable for violation of a controlled substances law under 8 U.S.C. § 1227(a)(2)(B)(i), due to his concentrated cannabis possession offense. The immigration judge held that Rodriguez was removable based on that conviction and rejected his applications for asylum, withholding of removal, and CAT relief. The BIA affirmed, and Rodriguez filed this petition for review.

## II.

We review the BIA's legal determinations de novo. *Murillo-Salmeron v. INS*, 327 F.3d 898, 902 (9th Cir. 2003); *Coronado-Durazo v. INS*, 123 F.3d 1322, 1324 (9th Cir. 1997).

## III.

**[1]** 8 U.S.C. § 1227(a)(2)(B)(i), under which Rodriguez was found removable, provides that:

> Any alien who at any time after admission has been convicted of a violation of . . . any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of Title 21), *other than a single offense involving possession for one's own use of 30 grams or less of marijuana*, is deportable.

(emphasis added). Rodriguez contends that the underlined language (hereafter, the "personal use exception") means that a conviction for possession of 30 grams or less of marijuana

for personal use cannot be the basis for an alien's removal, unless this is the alien's second or subsequent such offense. In other words, Rodriguez contends that he should receive the benefit of the personal use exception because his concentrated cannabis conviction is his first "personal use" marijuana offense, even though it is not his first drug offense.[2]

In interpreting a statute, we look to its plain language. "[W]hen the statute's language is plain, the sole function of the courts — at least where the disposition required by the text is not absurd — is to enforce it according to its terms." *Lamie v. U.S. Trustee*, 540 U.S. 526, 534 (2004) (internal quotation marks omitted). We read the words of the statute "in their context and with a view to their place in the overall statutory scheme." *FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 133 (2000). We interpret each provision to fit harmoniously as part of "a symmetrical and coherent" statutory scheme. *Id.*

**[2]** We hold that the plain language of the personal use exception of section 1227(a)(2)(B)(i) does not apply to aliens who have more than one drug conviction. That is, section 1227(a)(2)(B)(i) exempts from removability solely those aliens who have (1) committed only one controlled substance offense, where (2) that offense is possession for personal use of less than 30 grams of marijuana. Thus, here, Rodriguez's prior cocaine and heroin possession convictions render him ineligible for the personal use exception. We conclude that Congress chose to exempt from removability only aliens who commit a single, defined marijuana possession offense, while

---

[2]The parties dispute whether Rodriguez's first conviction for possession of marijuana in violation of California Health & Safety Code § 11357(b) constitutes an additional "personal use" marijuana offense that forecloses Rodriguez from claiming the single personal use exception. Since we determine that Rodriguez is not entitled to the personal use exception based on his other drug convictions, we need not and do not reach this issue.

rendering removable aliens with more than one drug conviction.[3]

Our reading of the plain language is consistent with the BIA's precedent. *Cf. In re Moncada-Servellon*, 24 I. & N. Dec. 62, 65 (BIA 2007) ("[T]he most natural, common-sense reading of the personal-use exception, viewed in its statutory context, is that it is directed at ameliorating the potentially harsh immigration consequences of the least serious drug violations only — that is, those involving the *simple possession* of small amounts of marijuana.")

**[3]** We thus hold that Rodriguez is removable under section 1227(a)(2)(B)(i) based on his conviction for violating California Health & Safety Code § 11357(a), for possession of concentrated cannabis.[4] We conclude that his prior convictions for possession of cocaine and heroin render him ineligible for the personal use exception to removal.[5]

---

[3]Rodriguez also contends that section 1227(a)(2)(B)(i) is ambiguous, such that the rule of lenity compels us to interpret it in his favor. Since we hold that the statute is not ambiguous, the rule of lenity does not apply. *See Moskal v. United States*, 498 U.S. 103, 107-08 (1990).

[4]We accept the parties' mutual representations that Rodriguez's conviction was for possession of 30 grams or less of cannabis. Even though the factual basis for this representation is not clear from the record, the parties have waived the right to argue otherwise.

[5]Rodriguez's convictions under California Health & Safety Code § 11350(a) for possession of cocaine and heroin cannot be the basis for his removal in this proceeding, because he was previously granted a § 212(c) waiver for those convictions. However, a § 212(c) waiver does not expunge his convictions, but merely means that the waived convictions, standing alone, cannot be the basis for his removal. *See Becker v. Gonzales*, 473 F.3d 1000, 1003-04 (9th Cir. 2007); *Molina-Amezcua v. INS*, 6 F.3d 646, 647 (9th Cir. 1993) ("A waiver of deportation gives the alien a chance to stay in the United States despite his misdeed, but it does not expunge the conviction.") We consider them only to establish that Rodriguez's conviction for cannabis possession is not his only drug offense.

**IV.**

We conclude that Rodriguez is ineligible for the personal use exception of 8 U.S.C. § 1227(a)(2)(B)(i), because his conviction for possession of concentrated cannabis is not his only controlled substance offense. The petition for review is **DENIED**.