**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JORGE ALFREDO BURGOS-GOMEZ, aka Medardo Villanueva-Castellanos, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER JR., Attorney General, <br><br> Respondent. | No. 08-72170 <br><br> B.I.A. No. A098-182-258 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 11, 2010
San Francisco, California

Before: GRABER, CALLAHAN, and BEA, Circuit Judges.

Petitioner Jorge Alfredo Burgos-Gomez, a native and citizen of Honduras, appeals the Board of Immigration Appeals' ("BIA") dismissal of the immigration judge's ("IJ") removal order. The BIA found that Petitioner was deportable as charged, inadmissible because of his conviction for a crime involving moral turpitude, and ineligible for any waiver that would permit him to qualify for

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

adjustment of status. The BIA also affirmed the denial of Petitioner's application for adjustment of status on the ground that he failed to demonstrate the requisite degree of hardship to his United States citizen mother and son. We review final decisions of the BIA, Sanchez-Cruz v. INS, 255 F.3d 775, 779 (9th Cir. 2001), but we lack jurisdiction to review discretionary decisions, Murillo-Salmeron v. INS, 327 F.3d 898, 901 (9th Cir. 2003). We grant the petition in part, dismiss in part, and remand to the BIA.

The BIA erred in its analysis regarding whether Petitioner's conviction for conspiracy to commit battery, in violation of sections 199.480 and 200.481 of the Nevada Revised Statutes, constitutes a crime of moral turpitude. The BIA improperly held that Petitioner's conviction constituted a crime of moral turpitude without conducting the required analysis under the most recent applicable precedents. Specifically, the BIA's analysis is incomplete because it failed to take account of the categorical approach set forth by the Supreme Court in Taylor v. United States, 495 U.S. 575 (1990). The BIA did not analyze the specific elements of the Nevada crime. See Uppal v. Holder, 605 F.3d 712, 714 (9th Cir. 2010) (holding that, in determining whether a conviction under a criminal statute is categorically a crime of moral turpitude, the BIA first must identify the elements of the criminal statute and then must compare those elements to the generic definition

2

of a crime involving moral turpitude and decide whether they meet the definition). And, a fortiori, the BIA did not undertake to decide whether, if the Nevada statute does not qualify categorically, the modified categorical approach applies. See Gonzales v. Duenas-Alvarez, 549 U.S. 183, 187 (2007) (noting that some courts refer to this step of the Taylor inquiry as the "modified categorical approach"). The BIA also failed to use the form of analysis set forth in its own opinion in In re Short, 20 I. & N. Dec. 136, 137-38 (B.I.A. 1989).

We are not authorized to conduct any of that analysis for the BIA, INS v. Orlando Ventura, 537 U.S. 12 (2002) (per curiam), so we must remand for it to do so in the first instance.

We lack jurisdiction to review the BIA's discretionary decision to deny Petitioner a waiver of inadmissibility under section 212(h) of the Immigration and Nationality Act. Mejia v. Gonzales, 499 F.3d 991, 999 (9th Cir. 2007).

GRANTED in part; DISMISSED in part; and REMANDED. Costs on appeal awarded to Petitioner.

3