**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN BERNARDO RAMOS, | No. 12-74243 |
| Petitioner, | |
| | Agency No. A099-492-438 |
| v. | |
| | MEMORANDUM[*] |
| LORETTA LYNCH, Attorney General | |
| Respondent. | |

On Petition for Review of an Order of
The Board of Immigration Appeals

Submitted December 11, 2015[**]
Pasadena, California

Before: GOULD and BERZON, Circuit Judges, and ZOUHARY,[***] District
Judge.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Jack Zouhary, United States District Judge for the
Northern District of Ohio, sitting by designation.

Juan Ramos challenges the decision of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's denial of his application for adjustment of status. We have jurisdiction under 8 U.S.C. § 1252 and deny the petition for review.

The BIA reasonably concluded Ramos' November 2006 drug conviction, for which he received a $50 fine, was a "conviction" under 8 U.S.C. 1101(a)(48) ("The term 'conviction' means . . . the alien has entered a plea of guilty . . . and the judge has ordered some form of punishment[ or] penalty . . . ."). As the Supreme Court has observed, the terms "punishment" and "penalty" "each undeniably embrace [criminal] fines." *S. Union Co. v. United States*, 132 S. Ct. 2344, 2351 (2012).

Ramos relies on *Retuta v. Holder*, 591 F.3d 1181 (9th Cir. 2010), where this Court held that "an unconditional suspended non-incarceratory sanction that has no present effect is not a punishment, penalty, or restraint" under Section 1101(a)(48). *Id.* at 1190. But unlike in *Retuta*, Ramos' fine was not suspended. And the rule of lenity is also unavailing, as Ramos fails to show any persisting ambiguity in Section 1101(a)(48) that would trigger its application. *See Rodriguez v. Holder*, 619 F.3d 1077, 1080 n.3 (9th Cir. 2010) ("Since we hold that the statute is not ambiguous, the rule of lenity does not apply.").

The BIA reasonably concluded Ramos is ineligible for a waiver of inadmissiblity or adjustment of status.

**DENIED.**