**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   16-50377 |
| Plaintiff-Appellee, | D.C. No. 3:16-cr-00343-LAB-1 |
| v. | |
| MARTIN MORELOS-NAVARRO, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted March 5, 2018
Pasadena, California

Before:  THOMAS, Chief Judge, NGUYEN, Circuit Judge, and SETTLE,**
District Judge.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Benjamin H. Settle, United States District Judge for
the Western District of Washington, sitting by designation.  This case was
originally submitted to a panel that included Judge Reinhardt.  After Judge
Reinhardt's death, Chief Judge Thomas was drawn by lot to replace him on the
panel. Ninth Circuit General Order 3.2.h.

Martin Morelos-Navarro appeals the district court's denial of his motion pursuant to 8 U.S.C. § 1326(d) to dismiss an indictment charging him with illegal re-entry after deportation in violation of 8 U.S.C. § 1326. We reverse. Because the parties are familiar with the history of this case, we need not recount it here.

## I

A charge under 8 U.S.C. § 1326 must be dismissed if the following three elements are satisfied: (1) "the alien exhausted any administrative remedies that may have been available to seek relief against the order;" (2) "the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review;" and (3) "the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d); *United States v. Reyes-Bonilla*, 671 F.3d 1036, 1042–43 (9th Cir. 2012). "An underlying removal order is fundamentally unfair if: (1) a defendant's due process rights were violated by defects in his underlying deportation proceeding, and (2) he suffered prejudice as a result of the defects." *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1048 (9th Cir. 2004) (quotation marks and brackets omitted).

People in removal proceedings have a right to counsel at their own expense under the Fifth Amendment's Due Process Clause as well as the governing statute and regulation. *Biwot v. Gonzales*, 403 F.3d 1094, 1098 (9th Cir. 2005); *Tawadrus*

2

*v. Ashcroft*, 364 F.3d 1099, 1103 (9th Cir. 2004); 8 U.S.C. § 1362; 8 C.F.R. § 1003.16(b). "Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970).

Under applicable regulations, an immigration judge ("IJ") must "require the respondent to state then and there whether he or she desires representation" and to "[a]dvise the respondent of the availability of pro bono legal services for the immigration court location at which the hearing will take place, and ascertain that the respondent has received a list of such pro bono legal services providers." 8 C.F.R. § 1240.10(a)(1), (a)(2).

When a removal proceeding in which the noncitizen appeared *pro se* is challenged through a § 1326(d) motion, the government bears the burden of proving the validity of the waiver of the right to counsel "by clear and convincing evidence." *United States v. Gomez*, 757 F.3d 885, 893–94 (9th Cir. 2014) (quoting *Reyes-Bonilla*, 671 F.3d at 1043).

Here, the IJ never advised Morelos of his constitutional and statutory right to counsel, nor did Morelos ever knowingly and unequivocally waive his right to counsel. The IJ only asked Morelos if he wanted his "case postponed to get an

attorney or for any other reason." A waiver of the right to counsel cannot be inferred based on an unrepresented individual's insistence on proceeding without a continuance. *Tawadrus*, 364 F.3d at 1105. Further, in violation of the regulation, the IJ did not advise Morelos of the availability of *pro bono* counsel. Thus, for all these reasons, the government failed to establish, by clear and convincing evidence, that any purported waiver was voluntary, knowing, and intelligent.

II

In order to show that the proceedings were "fundamentally unfair," Morelos must also show that the deprivation of his right to counsel resulted in prejudice. *United States v. Valdez-Novoa*, 780 F.3d 906, 914 (9th Cir. 2015). In order to demonstrate prejudice, Morelos need not "show that he actually would have been granted relief. Instead, he must only show that he had a 'plausible' ground for relief from deportation." *Ubaldo-Figueroa*, 364 F.3d at 1050 (citation omitted). Because Morelos's right to counsel was violated, prejudice is analyzed by looking to the plausible outcomes "had he received effective assistance of counsel." *United States v. Lopez-Chavez*, 757 F.3d 1033, 1043 (9th Cir. 2014). We consider the issue of prejudice broadly, looking at all the ways in which competent representation may have plausibly changed the course of the proceedings, not just what an attorney could have done at the specific removal hearing that actually

occurred. *See United States v. Ahumada-Aguilar*, 295 F.3d 943, 951–52 (9th Cir. 2002). In this case, there were a number of plausible outcomes that would have benefitted Morelos if his right to counsel had not been violated.

First, at the hearing, the IJ *sua sponte* amended the charge in the notice to appear because he concluded that the charge reference by the government in the initial notice to appear did not qualify as an aggravated felony. Thus, without counsel, Morelos did not have an opportunity to respond to the amended charge, or to argue that *sua sponte* amendment was improper.

Second, after the IJ asked Morelos if he wanted to appeal, Morelos said that he did. Then, after he agreed that certain documents could be admitted, the IJ asked him if he wanted to appeal or go to Mexico. He responded that he wanted to go to Mexico, and was deported that day. An attorney could have advised him of the consequences of that statement and preserved his right to appeal.

Further, had he had competent counsel, he could have petitioned for a re-adjustment of status under 8 U.S.C. § 1255. *See Murillo-Salmeron v. I.N.S.*, 327 F.3d 898, 900 (9th Cir. 2003). Although Morelos did not have an immediately available visa, he had been living with a United States citizen for four years and married her ten days after the hearing. A competent attorney might have sought a continuance so that he would have an immediately available visa. *See* 8 U.S.C.

5

§ 1151(b)(2)(A)(i).

The government argues that, in order to re-adjust status, Morelos would have needed an approved 212(h) waiver, which he was ineligible for at the time of his removal under the Board of Immigration Appeal's interpretation of the statute. 8 U.S.C. § 1182(h); *In re Rosas-Ramirez*, 22 I&N Dec. 616, 623 (BIA 1999). However, as the government acknowledges, we later held that "post-entry adjustment of status to [lawful permanent residence] . . . does not constitute an admission in the context of § 212(h)," making Morelos eligible for the waiver. *Negrete-Ramirez v. Holder*, 741 F.3d 1047, 1054 (9th Cir. 2014). The government's sole response is that a competent attorney was unlikely to challenge ineligibility, given the Board of Immigration Appeals' decision in *Rosas-Ramirez*, 22 I. & N. Dec. at 619, which deemed that relief unavailable. However, the assertion that a competent attorney would not have appealed that issue is belied by the successful challenge in *Negrete-Ramirez*, despite the existing BIA precedent. Indeed, in *Ahumada-Aguilar*, we held that a competent attorney would pursue an open question that, if resolved in his client's favor, would provide an avenue to relief, so long as the merits of that question were at least "arguabl[e]" even if ultimately not correct. 295 F.3d at 951.

In sum, there were a number of plausible steps a competent attorney could have taken at the hearing that would have resulted in a different outcome. Therefore, Morelos has demonstrated sufficient prejudice to warrant relief.

III

Because Morelos was denied his right to counsel and the denial resulted in prejudice, the district court erred in denying Morelos's motion to dismiss the information under 8 U.S.C. § 1326(d). The judgment of conviction is reversed, as is the order denying the motion to dismiss the information. We remand this case with instructions to allow Morelos to withdraw his guilty plea, Fed. R. Crim. P. 11(a)(2), and to dismiss the information.

**REVERSED AND REMANDED WITH INSTRUCTIONS.**