# Matter of Jennifer Adassa DAVEY, Respondent

*Decided October 23, 2012*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1)  For purposes of section 237(a)(2)(B)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(B)(i) (2006), the phrase "a single offense involving possession for one's own use of thirty grams or less of marijuana" calls for a circumstance-specific inquiry into the character of the alien's unlawful conduct on a single occasion, not a categorical inquiry into the elements of a single statutory crime.

(2)  An alien convicted of more than one statutory crime may be covered by the exception to deportability for an alien convicted of "a single offense involving possession for one's own use of thirty grams or less of marijuana" if all the alien's crimes were closely related to or connected with a single incident in which the alien possessed 30 grams or less of marijuana for his or her own use, provided that none of those crimes was inherently more serious than simple possession.

FOR RESPONDENT:  John M. Pope, Esquire, Phoenix, Arizona

FOR THE DEPARTMENT OF HOMELAND SECURITY: Dominique J. Honea, Assistant Chief Counsel

BEFORE:  Board Panel:  COLE, PAULEY, and GREER, Board Members.

PAULEY, Board Member:

In a decision dated February 3, 2011, an Immigration Judge ordered the respondent released from the custody of the Department of Homeland Security ("DHS") upon payment of a $2,000 bond.[1]  The DHS has appealed from that decision, arguing that the Immigration Judge lacked jurisdiction to redetermine the respondent's custody status.  The appeal will be dismissed.

The issue in this case is whether the respondent, a native and citizen of Jamaica, is subject to mandatory detention during the pendency of her ongoing removal proceedings.  According to the DHS, the respondent is covered

---

[1] The reasons for the Immigration Judge's decision are set forth in a bond memorandum dated March 28, 2011.

by section 236(c)(1)(B) of the Immigration and Nationality Act, 8 U.S.C. § 1226(c)(1)(B) (2006), which requires the mandatory detention of "any alien who . . . is deportable by reason of having committed any offense covered in section [237(a)(2)(B)]." In support of that assertion, the DHS points out that the respondent was convicted in 2010 of possessing marijuana and drug paraphernalia in violation of sections 13-3405(A)(1) and 13-3415(A) of the Arizona Revised Statutes, respectively. According to the DHS, that conviction renders the respondent deportable under section 237(a)(2)(B)(i) of the Act, 8 U.S.C. § 1227(a)(2)(B)(i) (2006), as an alien convicted of a violation of State law relating to a controlled substance.

The Immigration Judge disagreed and concluded that the respondent is "not properly included" in the section 236(c)(1)(B) mandatory detention category because the DHS is "substantially unlikely" to prove that her 2010 conviction supports a section 237(a)(2)(B)(i) charge, citing *Matter of Joseph*, 22 I&N Dec. 799 (BIA 1999), and 8 C.F.R. § 1003.19(h)(2)(ii) (2011). To be precise, the Immigration Judge concluded that the respondent's 2010 conviction is excepted from deportability under section 237(a)(2)(B)(i) because it was for "a single offense involving possession for one's own use of thirty grams or less of marijuana." On appeal, the DHS counters that the respondent's *two* offenses—possession of marijuana and possession of drug paraphernalia—cannot constitute a *single* offense for purposes of the exception. Furthermore, the DHS maintains that the respondent may have been convicted of possessing marijuana for sale rather than for her own use.

Under section 237(a)(2)(B)(i) of the Act, an alien with a drug conviction is excepted from deportability if he or she was convicted of a certain kind of marijuana possession "offense," namely, a single offense involving possession for one's own use of 30 grams or less of marijuana. In interpreting this statutory language, we are mindful that "words such as . . . 'offense' . . . sometimes refer to a generic crime . . . and sometimes refer to the specific acts in which an offender engaged on a specific occasion." *Nijhawan v. Holder*, 557 U.S. 29, 33-34 (2009).

What "offense" means here is important because it determines the type of inquiry an Immigration Judge must conduct when seeking to determine whether an alien is covered by the exception. If the phrase "single offense" denotes a single *generic* crime, then an alien convicted of more than one statutory offense would be categorically ineligible for the exception, even if the conduct underlying the offenses occurred simultaneously. This is the interpretation favored by the DHS on appeal. Yet if the phrase "single offense" refers to the totality of an alien's specific *acts* on a single occasion, then the exception could be available to an alien convicted of more than one statutory offense, provided that each crime "involved" a single incident in

which the alien possessed a small amount of marijuana for personal use. This is the interpretation adopted by the Immigration Judge and favored by the respondent.

We have not previously decided which understanding of the phrase "single offense" is more appropriate when applied to section 237(a)(2)(B)(i), but we have construed that phrase as it appears in section 212(h) of the Act, 8 U.S.C. § 1182(h) (2006), which provides that "[t]he Attorney General may, in his discretion, waive the application of . . . [section 212(a)(2)(A)(i)(II)] insofar as it relates to a *single offense* of simple possession of 30 grams or less of marijuana."[2] (Emphasis added.) In *Matter of Martinez Espinoza*, 25 I&N Dec. 118, 124 (2009), we concluded for a variety of reasons that the term "offense" used in section 212(h) was best understood as "refer[ring] to the specific unlawful acts that made the alien inadmissible, rather than to any generic crime." Thus, we held that an alien convicted of possessing drug paraphernalia (namely, a marijuana pipe) could qualify for a section 212(h) waiver if the Immigration Judge determined that his "criminal conduct bore such a close relationship to the simple possession of a minimal quantity of marijuana that it should be treated with the same degree of forbearance under the immigration laws as the simple possession offense itself." *Id*. at 124-25.

The Immigration Judge concluded that the rationale underlying *Martinez Espinoza* applied with the same force in the context of section 237(a)(2)(B)(i) of the Act. Thus, although the respondent was convicted of two generic offenses with discrete elements (namely, possession of marijuana and possession of drug paraphernalia), the Immigration Judge concluded that those two generic crimes amounted to a "single offense" in the relevant sense because they were constituent parts of a single *act* of simple marijuana possession. We agree with that interpretation.

The language of the section 237(a)(2)(B)(i) exception is exceedingly narrow and fact-specific. It refers not to a common generic crime but rather to a specific type of conduct (possession for one's own use) committed on a specific number of occasions (a "single" offense) and involving a specific quantity (30 grams or less) of a specific substance (marijuana). Read in its most natural sense, this narrow language calls for what the Supreme Court has referred to as a "circumstance-specific" inquiry, that is, an inquiry into the nature of the alien's conduct. *Nijhawan v. Holder*, 557 U.S. at 34. It does not suggest a focus on the formal elements of generic offenses.

---

[2] Sections 212(h) and 237(a)(2)(B)(i) are not unique. As we have noted elsewhere, the Act contains numerous provisions—most of which use language substantially similar to that at issue here—reflecting Congress' policy of leniency toward aliens convicted of a single offense involving possession of a personal-use quantity of marijuana. *See Matter of Moncada*, 24 I&N Dec. 62, 65-66 & n.4 (BIA 2007) (enumerating the relevant provisions).

Furthermore, the plain language of section 237(a)(2)(B)(i) does not limit the availability of the exception to aliens convicted of simple marijuana possession per se. Rather, it makes the exception available to an alien whose conviction was for a single offense "involving" the simple possession of 30 grams or less of marijuana. Had Congress wished to make the exception available only to those convicted of generic marijuana possession, using an expression like "involving" (as opposed to "of," for instance) would be an unlikely choice of words. Indeed, in analogous contexts, the Federal courts of appeals have construed the term "involving" broadly, to encompass any offense or act that is closely related or closely connected to its object of reference.

For instance, 18 U.S.C. § 924(e)(2)(A)(ii) (2006) defines the term "serious drug offense" to mean, in pertinent part, "an offense under State law, *involving* manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance." (Emphasis added.) In deciding whether particular predicate offenses "involved" the distribution of controlled substances under this provision, courts have not required that the offense include distribution as a formal element. Rather, they have required only that the offender's conduct be closely "related to or connected with" the offending activity. *United States v. King*, 325 F.3d 110, 113 (2d Cir. 2003); *see also, e.g.*, *United States v. Bynum*, 669 F.3d 880, 886-87 & n.4 (8th Cir. 2012) (holding that knowingly offering to sell drugs in violation of Minnesota law "involves" distribution under § 924(e)(2)(A)(ii)); *United States v. Gibbs*, 656 F.3d 180, 184, 189 (3d Cir. 2011) (holding that wearing body armor while committing a felony in violation of Delaware law "involves" distribution under § 924(e)(2)(A)(ii) where the underlying felony was a drug sale); *United States v. McKenney*, 450 F.3d 39, 43, 45 (1st Cir. 2006) (holding that conspiracy to possess or manufacture a controlled substance for sale in violation of Rhode Island law "involves" drug distribution under § 924(e)(2)(A)(ii)).

Likewise, we conclude that for purposes of section 237(a)(2)(B)(i), a crime "involves" possession of 30 grams or less of marijuana for personal use if the particular acts that led to the alien's conviction were closely related to such conduct.[3] The possession of drug paraphernalia would thus be covered by the exception where the paraphernalia in question was merely an adjunct to the

---

[3] A crime cannot "involve" simple possession of a personal-use quantity of marijuana unless it bears a *direct* relationship to that conduct. Furthermore, it would defeat the purpose of the exception to interpret it as encompassing an offense that is inherently *more serious* than simple possession, such as distributing, manufacturing, transporting, or being under the influence of marijuana, or possessing marijuana in a prison or near a school. *See Matter of Moncada*, 24 I&N Dec. 62; *see also Matter of Martinez Espinoza*, 25 I&N Dec. at 125.

offender's simple possession or ingestion of 30 grams or less of marijuana. We can conceive of no reason why Congress would except an alien from deportability for actually possessing a small amount of marijuana for personal use, yet deny such leniency simply because, for example, the marijuana was found in a baggie.

The possession of drug paraphernalia would not "involve" simple marijuana possession, however, if the paraphernalia in question was associated with the manufacture, smuggling, or distribution of marijuana or with the possession of a drug other than marijuana. Because the term "drug paraphernalia" covers a broad range of objects, many of which have no relationship to simple drug possession, the inquiry will necessarily be fact intensive. An alien who possessed a marijuana pipe or rolling papers may be covered by the exception; an alien who possessed a drug scale or a hypodermic syringe would not.

Applying the foregoing standards to the present facts, we find no error in the Immigration Judge's determination that the respondent is covered by the section 237(a)(2)(B)(i) exception. Looking to the respondent's plea colloquy transcript, the Immigration Judge found that the respondent's two offenses of conviction were committed simultaneously, that they involved the simple possession of less than 10 grams of marijuana, and that the drug paraphernalia the respondent possessed was a plastic baggie in which the marijuana was contained. Those facts describe a "single offense involving possession for one's own use of thirty grams or less of marijuana." Section 237(a)(2)(B)(i) of the Act.

The DHS argues that the respondent's conviction record contains no clear judicial finding that the respondent possessed the marijuana for personal use, thereby leaving open the possibility that the baggie of marijuana was possessed for the purpose of sale. We find that argument unpersuasive. The relevant question in a *Joseph* hearing is whether the DHS is substantially unlikely to prove a charge that would justify mandatory detention. *Matter of Joseph*, 22 I&N Dec. at 800. To prove a charge under section 237(a)(2)(B)(i), the DHS bears the burden of proving that the respondent's conviction does not fall within the "possession for personal use" exception. *See Matter of Moncada*, 24 I&N Dec. 62, 67 n.5 (BIA 2007). It cannot meet that burden unless the record establishes that the respondent possessed marijuana for some reason other than personal use; an inconclusive record is not sufficient.

In this instance, the Immigration Judge issued his bond order *after* he had already considered the entirety of the DHS's evidence at a removal hearing and dismissed the section 237(a)(2)(B)(i) charge on the merits. This is therefore not a case where the Immigration Judge was obliged to assess the DHS's likelihood of success on the basis of an incomplete record. *See Matter of Joseph*, 22 I&N Dec. at 806-07 (noting that when the propriety of mandatory

41

detention is being reviewed after a removal charge has been dismissed on the merits, the Immigration Judge is entitled to rely on that merits determination when assessing the DHS's likelihood of success).

In light of the foregoing, we see no basis to disturb the Immigration Judge's determination that the DHS is substantially unlikely to prove the respondent's deportability under section 237(a)(2)(B)(i) of the Act. Thus, the Immigration Judge properly exercised jurisdiction over the respondent's request for a change in his custody status. Furthermore, the DHS does not challenge the Immigration Judge's conclusion that a $2,000 bond is reasonably calculated to ensure the respondent's appearance for future hearings. Accordingly, the DHS's appeal will be dismissed.

**ORDER:**    The appeal of the Department of Homeland Security is dismissed.