**NOT FOR PUBLICATION**

FILED

FEB 13 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| JESUS GILBERTO CANEDO-DUARTE, | No. 10-73081 |
| Petitioner, | Agency No. A098-072-755 |
| v. | |
| ERIC H. HOLDER JR., Attorney General, | ORDER[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 14, 2013[**]
San Francisco, California

Before: NOONAN, TASHIMA, and GRABER, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

Respondent's Motion to Remand is GRANTED. The case is remanded to apply In re Davey, 26 I. & N. Dec. 37 (B.I.A. 2012), as appropriate.[1]

The parties shall bear their own fees and costs on appeal. This order shall serve as the mandate of this court.

---

[1] The dissent asserts that we are implicitly approving In re Davey "as properly decided." We are not. The government has asked for an opportunity to allow the BIA to reconsider this case. On reconsideration, the BIA may apply In re Davey, or it may choose to decide the case on other grounds, in which event any substantive decision that we might make about In re Davey would be premature. Moreover, even if the BIA decides to apply In re Davey here, and one of the parties petitions for review, then we can review the concrete application of that rule to an issue that the BIA will have decided in this case.

*Canedo-Duarte v. Holder*, No. 10-73081

TASHIMA, dissenting:

I dissent from the Order because of its highly questionable methodology and assumptions.

The primary issue involved in this petition for review is whether petitioner's drug paraphernalia conviction under Arizona law is a drug related conviction under 8 U.S.C. § 1227(a)(2)(B)(i), such that it renders petitioner removable. The BIA held that it was and petitioner petitioned for review of that decision. Shortly before the calendared date for oral argument, the government moved to remand this case to the BIA for application of *In re Davey*, 26 I & N Dec. 37 (B.I.A. 2012). Petitioner opposes the remand motion.

The Order grants the motion and directs that "[t]he case is remanded [to the BIA] to apply *In re Davey* . . . ." It is necessarily implicit in the Order that we are approving *In re Davey* as properly decided and, therefore, entitled to *Chevron* deference as a reasonable interpretation of an ambiguous statute. Why else would we order the BIA "to apply *In re Davey*"? Yet, we have done so without examining the case, without providing any analysis or rationale for our decision and, indeed, even without any briefing or argument by the parties.[1]

---

[1]    In its footnote, the majority makes two speculative assertions which should not be left unanswered. (1) The majority first asserts that "the BIA may

Moreover, *In re Davey* has another aspect involving a question we have never examined. That is, when a state drug paraphernalia statute fails the *Taylor* categorical analysis, whether further examination of the conviction at issue should be under the modified categorical approach or the circumstance-specific approach, which the BIA adopted in *In re Davey*. On this question also, we are adopting the BIA's circumstance-specific approach without analysis or examination when we summarily grant *Chevron* deference to that case by directing the BIA to apply *In re Davey*.

Because I would first decide whether *In re Davey* was correctly decided and, thus, entitled to *Chevron* (or any other) deference before remanding this case to the BIA to "apply" *In re Davey*, I dissent from the majority's methodology, which effectively decides this case, and an important and substantial issue, without

apply *In re Davey*, or it may choose to decide the case on other grounds . . . ." This is pure, unfounded speculation. The government asks for remand specifically "to determine whether Petitioner is removable . . . in light of *Matter of Davey*," and the Order grants remand expressly "to apply *In re Davey* . . . ." As for deciding the case "on other grounds," the BIA has already had the opportunity to decide the case on all such grounds and there is no reason why it should be given a second bite of the apple as to any ground other than *In re Davey*; that is why the Order does not leave room for reconsideration on any ground other than *Davey*. (2) The majority also asserts that "we can review the concrete application" of *In re Davey* on a second petition for review. That may be so, but we cannot review whether *Davey* itself is good law – whether it is entitled to *Chevron* deference – because we have necessarily already decided that issue by this remand Order and it is now the law of the case.

-2-

thought or analysis.