TASHIMA,
dissenting:
I dissent from the Order because of its highly questionable methodology and assumptions.
The primary issue involved in this petition for review is whether petitioner’s drug paraphernalia conviction under Arizona law is a drug related conviction under 8 U.S.C. § 1227(a)(2)(B)(i), such that it renders petitioner removable. The BIA held that it was and petitioner petitioned for review of that decision. Shortly before the calendared date for oral argument, the government moved to remand this case to the BIA for application of In re Davey, 26 I & N Dec. 37 (B.I.A.2012). Petitioner opposes the remand motion.
*632 The Order grants the motion and directs that “[t]he case is remanded [to the BIA] to apply In re Davey .It is necessarily implicit in the Order that we are approving In re Davey as properly decided and, therefore, entitled to Chevron deference as a reasonable interpretation of an ambiguous statute. Why else would we order the BIA “to apply In re Davey”! Yet, we have done so without examining the case, without providing any analysis or rationale for our decision and, indeed, even without any briefing or argument by the parties.[1]
Moreover, In re Davey has another aspect involving a question we have never examined. That is, when a state drug paraphernalia statute fails the Taylor categorical analysis, whether further examination of the conviction at issue should be under the modified categorical approach or the circumstance-specific approach, which the BIA adopted in In re Davey. On this question also, we are adopting the BIA’s circumstance-specific approach without analysis or examination when we summarily grant Chevron deference to that case by directing the BIA to apply In re Davey.
Because I would first decide whether In re Davey was correctly decided and, thus, entitled to Chevron (or any other) deference before remanding this case to the BIA to “apply” In re Davey, I dissent from the majority’s methodology, which effectively decides this case, and an important and substantial issue, without thought or analysis.

. In its footnote, the majority makes two speculative assertions which should not be left unanswered. (1) The majority first asserts that “the BIA may apply In re Davey, or it may choose to decide the case on other grounds....” This is pure, unfounded speculation. The government asks for remand specifically "to determine whether Petitioner is removable ... in light of Matter of Davey,” and the Order grants remand expressly "to apply In re Davey-” As for deciding the case "on other grounds,” the BIA has already had the opportunity to decide the case on all .such grounds and there is no reason why it should be given a second bite of the apple as to any ground other than In re Davey; that is why the Order does not leave room for reconsideration on any ground other than Davey. (2) The majority also asserts that "we can review the concrete application” of In re Da-vey on a second petition for review. That may be so, but we cannot review whether Davey itself is good law — whether it is entitled to Chevron deference — because we have necessarily already decided that issue by this remand Order and it is now the law of the case.