FILED
United States Court of Appeals
Tenth Circuit

February 28, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

EDGAR LEONEL ARRIOLA-MORALES,

Petitioner,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

Respondent.

No. 13-9542
(Petition for Review)

**ORDER AND JUDGMENT***

Before **KELLY**, **ANDERSON**, and **MATHESON**, Circuit Judges.

Edgar Leonel Arriola-Morales petitions for review of the Board of

Immigration Appeals' (BIA or Board) denial of his motion to reopen. Exercising

jurisdiction under 8 U.S.C. § 1252(a), we deny the petition for review.

Mr. Arriola-Morales is a native and citizen of Guatemala who was brought to

the United States by his parents in 1986 at age 2. The Department of Homeland

---

* After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Security initiated removal proceedings in 2006 and ultimately charged Mr. Arriola-Morales as removable on two grounds: (1) that he had overstayed his visitor's visa as of 1987, *see* 8 U.S.C. § 1227(a)(1)(B), and (2) that he had been convicted of a controlled substance offense, *see id.* § 1227(a)(2)(B)(i). The immigration judge (IJ) found that Mr. Arriola-Morales's two convictions in 2004— one for possession of marijuana and one for possession of drug paraphernalia—were not "a single offense involving possession for one's own use of 30 grams or less of marijuana," making him ineligible for that exception to removability under § 1227(a)(2)(B)(i). According to the IJ' order, he admitted the factual allegations and conceded both bases for removal.

Mr. Arriola-Morales sought special rule cancellation of removal under the Nicaraguan Adjustment and Central American Relief Act, Pub. L. No. 105-100, §§ 201-04, 111 Stat. 2160 (1997) (NACARA). *See generally*, 8 C.F.R. §§ 1240.60-1240.70. The IJ found that he was eligible for NACARA relief only under 8 C.F.R. § 1240.66(c) because his controlled-substance convictions made him both inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i)(II) and removable under § 1227(a)(2)(B)(i). *See* 8 C.F.R. § 1240.66(c)(1). Section 1240.66(c)(2) requires an alien to show ten years of continuous physical presence in the United States "immediately following the commission of an act, or the assumption of a status constituting a ground for removal." The IJ concluded Mr. Arriola-Morales could not satisfy this requirement because ten years had not elapsed since his 2004 criminal

convictions. The IJ therefore denied his application for special rule cancellation of removal. The BIA affirmed the IJ's decision without opinion.

Mr. Arriola-Morales did not file a petition for review, but he did file a timely motion to reopen with the BIA. He sought to reopen his case in light of the Board's intervening decision in *Matter of Davey*, 26 I. & N. Dec. 37 (BIA 2012). In *Davey*, the BIA construed the exception to removability in § 1227(a)(2)(B)(i) for a "single offense involving possession for one's own use of 30 grams or less of marijuana." It decided this language "refers not to a common generic crime but rather to a specific type of conduct (possession for one's own use) committed on a specific number of occasions (a 'single' offense) and involving a specific quantity (30 grams or less) of a specific substance (marijuana)." *Id.* at *39. It therefore concluded that the two generic offenses the alien committed simultaneously in *Davey*—specifically, possession of marijuana and possession of drug paraphernalia—"amounted to a 'single offense' . . . because they were constituent parts of a single *act* of simple marijuana possession." *Id.* The BIA said it could "conceive of no reason why Congress would except an alien from deportability for actually possessing a small amount of marijuana for personal use, yet deny such leniency simply because, for example, the marijuana was found in a baggie." *Id.* at *41.

Mr. Arriola-Morales asserted in his motion to reopen that, like the alien in *Davey*, his 2004 convictions arose from a single incident in which he possessed both marijuana and drug paraphernalia. Therefore, applying *Davey*, he argued that he was

not removable under § 1227(a)(2)(B)(i) because his convictions amounted to "a single offense involving possession for one's own use of 30 grams or less of marijuana."

The BIA denied the motion, concluding "that further consideration of this case in light of *Matter of Davey* . . . would [not] alter the disposition reached as to either the respondent's removability, or his eligibility for . . . NACARA relief." Admin. R. at 3. The Board first determined that, even if Mr. Arriola-Morales was not removable under § 1227(a)(2)(B)(i) because his two convictions were a "single offense," he remained removable under § 1227(a)(1)(B) for overstaying his visa. It then decided that, notwithstanding his argument based on *Davey*, his 2004 convictions still rendered him inadmissible under § 1182(a)(2)(A)(i)(II) as an alien with a controlled substance conviction. And given that basis for inadmissibility, he was still required to demonstrate ten years of continuous physical presence in the United States since the date of his convictions, yet he remained unable to do so.

We review the BIA's denial of a motion to reopen for an abuse of discretion. *Infanzon v. Ashcroft*, 386 F.3d 1359, 1362 (10th Cir. 2004). "The BIA abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Id.* (internal quotation mark omitted).

In his petition for review, Mr. Arriola-Morales argues that the BIA should have reopened his case to consider his claim that his two 2004 convictions are a

"single offense" under *Davey*. But he acknowledges the Board's conclusion that it was unnecessary to decide that issue because he remains removable under § 1227(a)(2)(B)(i) and inadmissible under § 1182(a)(2)(A)(i)(II). Focusing on his inadmissibility, he then contends that he is eligible for the "one crime" exception in § 1182(a)(2)(A)(ii)(II). Under that section, certain grounds for inadmissibility do not apply to "an alien who committed only one crime" if the maximum penalty does not exceed one year and the alien's sentence did not exceed six months.

Mr. Arriola-Morales maintains that the BIA should have applied *Davey's* liberal construction of the term "single offense" to the term "one crime" as used in § 1182. But, as the government points out, the "one crime" exception applies only to inadmissibility based on a crime involving moral turpitude, and not to inadmissibility based on a controlled substance violation. *See id.* § 1182(a)(2)(A)(ii) (providing that "Clause (i)(I)," which refers to "crime[s] involving moral turpitude," "shall not apply to an alien who committed only one crime").

Mr. Arriola-Morales does not otherwise show error in the BIA's denial of his motion to reopen. The petition for review is denied.

Entered for the Court


Stephen H. Anderson
Circuit Judge


- 5 -