**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 20-2117**

_____

OSMAN JALLOH, a/k/a Osman Jallon

      Petitioner

v.

MERRICK B. GARLAND, Attorney General

      Respondent.

_____

On Petition for Review of an Order of the Board of Immigration Appeals.

_____

Argued:  December 7, 2022                        Decided:  February 9, 2023

_____

Before WILKINSON and RUSHING, Circuit Judges, and FLOYD, Senior Circuit Judge.

_____

Petition denied by unpublished opinion. Judge Wilkinson wrote the opinion, in which Senior Judge Floyd joined. Judge Rushing wrote a dissenting opinion.

_____

**ARGUED:**  Zindzi Cloy Baugh Corbett, LAW OFFICES OF JAY S. MARKS, LLC, Silver Spring, Maryland, for Petitioner.  Stephanie Leigh Groff, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent. **ON BRIEF:** Jay S. Marks, LAW OFFICES OF JAY S. MARKS, LLC, Silver Spring, Maryland, for Petitioner. Brian M. Boynton, Acting Assistant Attorney General, Shelley R. Goad, Assistant Director, Jennifer P. Levings, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

WILKINSON, Circuit Judge:

Osman Jalloh petitions for review of an order of the Board of Immigration Appeals denying his motion to reopen his removal proceedings. Jalloh conceded that he was removable in 2009 because he had been convicted of four drug offenses. He moved to reopen his proceedings in 2019 based on changed circumstances—chiefly that three of his four convictions had been vacated and his only remaining conviction was for possession of drug paraphernalia. Jalloh argued that this conviction fell within the statutory exception to removability for convictions involving simple possession of thirty grams or less of marijuana. *See* 8 U.S.C. § 1227(a)(2)(B)(i). But the Board denied relief because Jalloh's conviction involved possession of paraphernalia, not marijuana. We conclude that Jalloh failed to establish prima facie eligibility for relief because he presented no evidence that his paraphernalia conviction involved the simple possession of thirty grams or less of marijuana. We therefore deny his petition for review.

I.

Osman Jalloh, a native of Sierra Leone and lawful permanent resident of the United States, was ordered removed from the United States after he was convicted of four Maryland drug-related offenses between 2000 and 2009: (1) an April 17, 2000 conviction for possession of drug paraphernalia; (2) a December 13, 2001 conviction for possession of marijuana; (3) a May 5, 2005 conviction for possession of marijuana; and (4) a July 6, 2009 conviction for possession of drug paraphernalia.

In August 2009, the Department of Homeland Security served Jalloh with a notice to appear ("NTA") charging him with removability under 8 U.S.C. § 1227(a)(2)(B)(i). This

provision states: "Any alien who at any time after admission has been convicted of a violation of . . . any law or regulation of a State, the United States, or a foreign country relating to a controlled substance . . . other than a single offense involving possession for one's own use of 30 grams or less of marijuana, is deportable." 8 U.S.C. § 1227(a)(2)(B)(i).

Before the Immigration Judge, Jalloh admitted the charges in his NTA, conceded his removability, and requested relief in the form of asylum and protection under the Convention Against Torture ("CAT"). Based on Jalloh's concessions, the IJ found that his removability was established by clear and convincing evidence and proceeded to deny his applications for asylum and CAT protection. Jalloh appealed the IJ's decision to the Board of Immigration Appeals, which affirmed the IJ's denial of relief while noting that Jalloh had not contested his removability. This court dismissed Jalloh's petition for review of the BIA's decision in December 2010.

About nine years later, in November 2019, Jalloh filed a motion with the BIA to reopen his case due to changed circumstances. Jalloh sought equitable tolling of the filing deadline and asked the Board to reopen his case sua sponte based on extraordinary circumstances—namely, (1) that three of his four drug-related convictions had been vacated, materially affecting his eligibility for relief; (2) his serious medical condition; and (3) the impracticability of repatriating him to Sierra Leone. Jalloh attached supporting documents purporting to show that his December 2001 marijuana-possession conviction, May 2005 marijuana-possession conviction, and July 2009 paraphernalia-possession conviction had been vacated by Maryland state courts. His only unvacated conviction was his April 2000 conviction for possession of drug paraphernalia. Jalloh argued that the

3

Board should reopen his proceedings so that he could demonstrate that he was not subject to removal under 8 U.S.C. § 1227(a)(2)(B)(i). According to Jalloh, his paraphernalia conviction fell under § 1227(a)(2)(B)(i)'s exception for convictions involving possession for personal use of 30 grams or less of marijuana, as that provision had been interpreted by the BIA. A.R. 29–30 (citing *In re Davey*, 26 I&N Dec. 37 (BIA 2012)).

The BIA denied Jalloh's motion on September 30, 2020. Assuming without deciding that Jalloh merited equitable tolling, the Board held that he had not established "prima facie eligibil[ity] for the relief sought." A.R. 4 (citing, *inter alia*, *INS v. Abudu*, 485 U.S. 94, 104–05 (1988)). The Board first noted that Jalloh did "not dispute that he conceded he was removable as charged" or contest the Board's "prior determination that he waived the issue of removability." *Id.* Then it concluded that "even if [Jalloh] was in possession of less than 30 grams of marijuana when he was arrested for the 2000 offense, he is not eligible for the exception under [§ 1227(a)(2)(B)(i)] because his offense involves possessing drug paraphernalia rather than possessing marijuana." *Id.* Finally, considering the totality of the circumstances—including Jalloh's long residence in the United States and ongoing medical treatment—the Board declined to exercise its discretion to grant the "extraordinary remedy of reopening his removal proceedings sua sponte." *Id.*

Jalloh timely petitioned this court for review on the sole issue of whether the BIA "committed error as a matter of law" in ruling that he was ineligible for 8 U.S.C. § 1227(a)(2)(B)(i)'s "30 grams of marijuana or less" exception because his conviction involved possession of paraphernalia. Jalloh argues that the Board's decision contradicted its own precedents, which hold that a paraphernalia conviction falls within the exception if

4

the "paraphernalia in question was merely an adjunct to the offender's simple possession or ingestion of 30 grams or less of marijuana." *Davey*, 26 I&N Dec. at 40–41; *see In re Martinez-Espinoza*, 25 I&N Dec. 118, 123 (BIA 2009). He asks us to reverse and remand with instructions for the Board to grant his motion to reopen and allow him to demonstrate that his conviction qualifies for the 30-grams-or-less exception.

## II.

"We review the BIA's denial of a motion to reopen for abuse of discretion." *Wanrong Lin v. Holder*, 771 F.3d 177, 182 (4th Cir. 2014). "The BIA's decision is reviewed with extreme deference, given that motions to reopen are disfavored because every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." *Id.* (quotation marks omitted). Moreover, "[h]armless-error analysis applies in immigration cases." *Ngarurih v. Ashcroft*, 371 F.3d 182, 190 n.8 (4th Cir. 2004); *see also Gonahasa v. U.S. INS*, 181 F.3d 538, 542 n.2 (4th Cir. 1999).

As we have previously recognized, "the Supreme Court has held that the BIA may deny a motion to reopen deportation proceedings for any of three independent reasons: (1) the alien has not established a *prima facie* case for the underlying substantive relief sought; (2) the alien has not introduced previously unavailable, material evidence; and (3) where relief is discretionary, the alien would not be entitled to the discretionary grant of relief." *Onyeme v. U.S. INS*, 146 F.3d 227, 234 (4th Cir. 1998) (citing *Abudu*, 485 U.S. at 104–05). An alien seeking to reopen proceedings based on changed conditions "carries a heavy burden; he or she must show that the new evidence offered would likely change the result in the case." *Wanrong Lin*, 771 F.3d at 183 (quotation marks omitted).

Under 8 U.S.C. § 1227(a)(2)(B)(i), Jalloh's paraphernalia conviction renders him removable unless it falls within the statute's exception for "a single offense involving possession for one's own use of 30 grams or less of marijuana." We assume without deciding that the BIA's interpretation of this provision in *Davey* was correct: A conviction for possession of drug paraphernalia may fall within the exception if "the paraphernalia in question was merely an adjunct to the offender's simple possession or ingestion of 30 grams or less of marijuana." *Davey*, 26 I&N Dec. at 40–41. But the "possession of drug paraphernalia would not 'involve' simple marijuana possession . . . if the paraphernalia in question was associated with the manufacture, smuggling, or distribution of marijuana or with the possession of a drug other than marijuana." *Id.* at 41. While an "alien who possessed a marijuana pipe or rolling papers may be covered by the exception," one who "possessed a drug scale or hypodermic syringe would not." *Id.*

Accordingly, we note that insofar as the Board's decision in Jalloh's case can be interpreted as resting on the proposition that paraphernalia convictions *categorically* do not qualify for the exception, *see* A.R. 4, that unexplained departure from *Davey* was error, *see* Oral Arg. at 42:35 (government attorney conceding that the Board erred on this point).

The error, however, was harmless. The Board properly denied Jalloh's motion to reopen because he did not establish a prima facie case that he was not removable on the basis of his 2000 paraphernalia conviction. Far from meeting his "heavy burden" to show that the "new evidence offered would likely change the result in [his] case," *Wanrong Lin*, 771 F.3d at 183 (quotation marks omitted), Jalloh presented *no evidence* that his drug paraphernalia "was merely an adjunct to [his] simple possession or ingestion of 30 grams

6

or less of marijuana," *Davey*, 26 I&N Dec. at 40–41. In other words, there is no evidence in the record that Jalloh's April 2000 paraphernalia conviction was "closely related" to his simple possession of 30 grams or less of marijuana, as would qualify him for § 1227(a)(2)(B)(i)'s exception to removability. *Id.* at 40.

The evidence that Jalloh presented to the BIA regarding this paraphernalia conviction only showed that when he was charged with this offense, he was also charged with theft (greater than $300 in value), unlawful taking of a motor vehicle, making a false statement to a peace officer, and possession of marijuana (with no amount listed). *See* A.R. 29–30, 109–110. At oral argument, Jalloh's attorney also pointed to Jalloh's 2010 testimony before the Immigration Judge. *See* Oral Arg. at 21:40. But even if we were to credit this self-serving testimony, all Jalloh said was that his paraphernalia convictions were "related to marijuana." A.R. 435. And Jalloh needed to present evidence that his paraphernalia conviction was not just related to marijuana, but "merely an adjunct" to his "*simple* possession . . . of *30 grams or less* of marijuana." *Davey*, 26 I&N Dec. at 40–41 (emphasis added).

Neither Jalloh's testimony nor the fact that he was also charged with possession of an unspecified amount of marijuana establishes a prima facie case that his paraphernalia conviction was merely an adjunct to his simple possession of 30 grams or less of marijuana. To this day, it remains unclear what type of paraphernalia he possessed or the amount of drug it was related to—whether he possessed, for example, a "marijuana pipe or rolling papers" as would be consistent with simple possession of a small quantity of marijuana or, on the other hand, "a drug scale." *Id.* at 41.

III.

The Supreme Court has cautioned us not to let these immigration proceedings drag on and on. *See, e.g.*, *Wanrong Lin*, 771 F.3d at 182. Accordingly, we also note that the Board is due "extreme deference" with regard to discretionary decisions on motions to reopen. *Id.* (quotation marks omitted). Jalloh failed to meet his heavy burden in moving to reopen because he presented no evidence showing that his paraphernalia conviction was closely related to the simple possession of 30 grams or less of marijuana. He failed to establish a prima facie case that he was eligible for relief based on 8 U.S.C. § 1227(a)(2)(B)(i)'s exception to removability. *See Onyeme*, 146 F.3d at 234. The BIA therefore did not abuse its broad discretion when it declined to reopen Jalloh's removal proceedings. Jalloh's petition for review is

*DENIED.*

8

RUSHING, Circuit Judge, dissenting:

The majority denies Jalloh's petition on an alternative ground the BIA did not consider. I would stick to reviewing the reason the BIA articulated for its decision and, finding that basis legally erroneous, remand for the agency to consider the fact question the majority resolves in the first instance.

Based on his four drug-related convictions, the BIA ordered Jalloh removed under 8 U.S.C. § 1227(a)(2)(B)(i). Later, three of Jalloh's convictions were tossed out, leaving only one conviction for drug paraphernalia. So Jalloh filed a motion to reopen, asking the BIA to reconsider its removal order. He argued that his remaining conviction for drug paraphernalia from April 2000 fell within Section 1227(a)(2)(B)(i)'s exception for "a single offense involving possession for one's own use of 30 grams or less of marijuana." The BIA declined to reopen Jalloh's case. It reasoned that "even if [Jalloh] was in possession of less than 30 grams of marijuana when he was arrested for the 2000 offense, he is not eligible for the [statutory] exception . . . because his offense involves possessing drug paraphernalia rather than possessing marijuana." A.R. 4.

As the Attorney General admits, that holding was an unexplained departure from BIA precedent, which holds that possession of drug paraphernalia may fall within Section 1227(a)(2)(B)(i)'s exception if it is "an adjunct to . . . simple possession or ingestion of 30 grams or less of marijuana." *See Matter of Davey*, 26 I. & N. Dec. 37, 40–41 (B.I.A. 2012). The majority agrees with the Attorney General's concession of legal error. *Supra*, at 6. But the majority reasons that the BIA's error was harmless because Jalloh failed to prove

9

that his drug paraphernalia conviction was related to simple possession of marijuana for personal use. *Supra*, at 6–7.

The majority is certainly correct that harmless-error analysis applies in immigration cases. Even in the face of error by the agency, we may permit a BIA decision to stand if the legal and factual infirmities "clearly had no bearing on the procedure used or the substance of the decision reached." *Ngarurih v. Ashcroft*, 371 F.3d 182, 190 n.8 (4th Cir. 2004) (internal quotation marks omitted); *see also Tassi v. Holder*, 660 F.3d 710, 725 (4th Cir. 2011).

But harmless-error review is not an invitation for us to supply a reasoned basis for the BIA's decision. "'[A]n agency's action must be upheld, if at all, on the basis articulated by the agency itself.'" *Gonzalez v. Garland*, 16 F.4th 131, 144 (4th Cir. 2021) (quoting *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 50 (1983)); *see INS v. Orlando Ventura*, 537 U.S. 12, 16 (2002) (per curiam) (citing *SEC v. Chenery Corp.*, 318 U.S. 80, 88 (1943)). Thus, "our review is limited to the reasoning the BIA actually provided," without "substituting what we consider to be a more adequate or proper basis." *Cordova v. Holder*, 759 F.3d 332, 340 (4th Cir. 2014) (internal quotation marks and alterations omitted). When the BIA's sole ground of decision is faulty and it leaves the parties' alternative arguments unaddressed, "the proper course, except in rare circumstances, is to remand to the agency" for it to resolve those alternative arguments in the first instance. *Ventura*, 537 U.S. at 16 (internal quotation marks omitted).

The BIA's decision here rested on its erroneous conclusion that drug paraphernalia convictions are categorically excluded from the statutory exception. That legal error

10

unquestionably bore on the "substance of the decision reached." *Tassi*, 660 F.3d at 725 (internal quotation marks omitted). The BIA did not address the alternative rationale on which the Attorney General now relies. Jalloh has presented evidence to support the contention that his drug paraphernalia conviction was related to marijuana use. For example, he was simultaneously charged with possessing marijuana. He testified that his paraphernalia was for using marijuana, and none of his prior convictions related to any drugs other than marijuana. The BIA did not weigh Jalloh's evidence to determine whether his conviction was "an adjunct" to possession of marijuana for personal use. *Matter of Davey*, 26 I. & N. Dec. at 40. I would grant the petition and remand for the BIA to weigh the evidence and decide this factual question in the first instance.