

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-19-2006

# Saunders v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3104

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Saunders v. Atty Gen USA" (2006). *2006 Decisions.* Paper 444.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/444

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-3104

MICHAEL SAUNDERS,
                                        Petitioner
                    vs.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent
_____

ON PETITION OF REVIEW OF AN ORDER OF AN ORDER
OF THE BOARD OF IMMIGRATION APPEALS
(BIA No. A34-484-945)
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 15, 2006
Before:   SLOVITER, WEIS, and GARTH, Circuit Judges.

Filed September 19, 2006
_____

OPINION
_____

WEIS, Circuit Judge.

        Petitioner, a native and citizen of the United Kingdom, appeals the

December 9, 2004 order of the Board of Immigration Appeals ("BIA") finding him

removable pursuant to section 237(a)(2)(B)(i) of the Immigration and Nationality Act

1

("INA"), 8 U.S.C. § 1227(a)(2)(B)(i).

Section 237(a)(2)(B)(i) renders an alien removable from the United States "who at any time after admission has been convicted of a violation of . . . any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of Title 21), other than a single offense involving possession for one's own use of 30 grams or less of marijuana." 8 U.S.C. § 1227 (a)(2)(B)(i).

Petitioner was convicted in 2001 of violating New York Penal Law section 221.40. That statute provides that "[a] person is guilty of criminal sale of marihuana in the fourth degree when he knowingly and unlawfully sells marihuana except as provided in section 221.35 of this article." New York Penal Law section 221.35 provides that an individual has committed, "criminal sale of marihuana in the fifth degree when he knowingly and unlawfully sells, without consideration, one or more preparations, compounds, mixtures or substances containing marihuana . . . of an aggregate weight of two grams or less; or one cigarette containing marihuana."

New York Penal Law section 220.00 defines "sell" as to "sell, exchange, give or dispose of to another, or to offer or to agree to do the same." Petitioner argues that he is not removable pursuant to section 237(a)(2)(B)(i) because the New York statute penalizes mere possession.

The issue before us is whether a violation of section 221.40 requires more

2

than a "single offense involving possession for one's own use of 30 grams or less of marijuana." We conclude that it does.

Section 221.40 does not criminalize mere possession for personal use. Rather, it requires that an individual transfer marijuana to another by selling, exchanging, giving or disposing of the substance.

The petitioner's reliance on Gerbier v. Holmes, 280 F.3d 297 (3d Cir. 2002) and Steele v. Blackman, 236 F.3d 130 (3d Cir. 2001) is misplaced. In both cases, the issue was whether the alien had committed an "aggravated felony" of "illicit trafficking in a controlled substance" under INA section 101(a)(43)(B), 8 U.S.C. § 1101(a)(43)(B). In Steele, for example, a case involving the same New York statute and section 237(a)(2)(B)(i), we held that because the alien had committed more than one misdemeanor drug offense he could be found to have committed an aggravated felony. Steele, 236 F.3d at 137. In this case, however, the IJ correctly concluded that petitioner had not committed an aggravated felony.

Section 237(a)(2)(B)(i) does not require that petitioner have engaged in "trafficking" in a controlled substance but only that he has engaged in something more than mere possession of less than 30 grams of marijuana. Selling, exchanging, giving or disposing under the New York statute all require more than simple possession.

Accordingly, we will deny the petition for review.

3