NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JESUS MIGUEL MARTEL-MARTINEZ, | No. 08-73933 |
| Petitioner, | Agency No. A034-293-108 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 14, 2013**

Before: SCHROEDER, GRABER, and PAEZ, Circuit Judges.

Jesus Miguel Martel-Martinez, a native and citizen of Mexico, petitions for

review of an order of the Board of Immigration Appeals ("BIA") dismissing his

appeal from an immigration judge's removal order. We have jurisdiction under

8 U.S.C. § 1252. We review de novo whether a conviction constitutes a

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

controlled-substance violation. *Esquivel-Garcia v. Holder*, 593 F.3d 1025, 1028 (9th Cir. 2010). We grant the petition for review, vacate the order of removal, and remand the matter to the BIA for termination of proceedings without prejudice.

The agency erred by concluding that Martel-Martinez is removable under 8 U.S.C. § 1227(a)(2)(B)(i) due to his 2008 conviction for possession of more than 28.5 grams of marijuana under California Health and Safety Code § 11357(c), because the record does not establish that this conviction was for "other than a single offense involving possession for one's own use of 30 grams or less of marijuana." *See Rodriguez v. Holder*, 619 F.3d 1077, 1079 (9th Cir. 2010) (per curiam); *see also Medina v. Ashcroft*, 393 F.3d 1063, 1065 n.5 (9th Cir. 2005) ("The government bears the burden of establishing that an alien's conviction does not fall within the exception for possession of 30 grams or less of marijuana.").

First, Martel-Martinez's two prior drug convictions under California Health and Safety Code § 11377 do not constitute prior controlled-substance offenses in that the plea agreements relating to these convictions merely recite the section and title of the statute of conviction and do not identify the substance involved. *See United States v. Kovac*, 367 F.3d 1116, 1119-20 (9th Cir. 2004) (finding a criminal judgment to be "facially inconclusive" under the modified-categorical analysis, "as it merely recite[d] the statutory section and title" of the statute of conviction); *see*

*also Ruiz-Vidal v. Gonzales*, 473 F.3d 1072, 1078 (9th Cir. 2007) ("[T]he simple fact of a conviction under Cal. Health & Safety Code § 11377 is insufficient [to establish a controlled-substance offense].").

Second, nothing in the record relating to the 2008 conviction shows that the amount of marijuana was greater than 30 grams or that Martel-Martinez possessed it for a reason other than personal use. *See* Cal. Health & Safety Code § 11357(c) (criminalizing only "possess[ion] [of] more than 28.5 grams of marijuana"); *see also Matter of Davey*, 26 I. & N. Dec. 37, 41 (BIA 2012) ("[The government] cannot meet [its] burden . . . unless the record establishes that the [alien] possessed marijuana for some reason other than personal use; an inconclusive record is not sufficient.").

Therefore, we grant the petition for review, vacate the order of removal, and remand the matter to the BIA for termination of proceedings without prejudice.

**PETITION FOR REVIEW GRANTED; REMANDED.**