# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60326

RENE E. FLORES ESQUIVEL,

Petitioner,

v.

LORETTA E. LYNCH, U.S. ATTORNEY GENERAL,

Respondent.

United States Court of Appeals
Fifth Circuit

**FILED**

October 1, 2015

Lyle W. Cayce
Clerk

Petitions for Review of an Order of the
Board of Immigration Appeals

Before JOLLY, HIGGINBOTHAM, and OWEN, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

In this appeal, we reject the Board of Immigration Appeals's (BIA) interpretation of the statute it administers and vacate the BIA decision under review. We do so because the plain language of the relevant statute clearly contradicts the interpretation that the BIA would give it.

Under § 237 of the Immigration and Nationality Act (INA), aliens are rendered removable by most drug convictions, except those that constitute "a single offense involving possession for one's own use of 30 grams or less of marijuana." 8 U.S.C. § 1227(a)(2)(B)(i). The BIA has interpreted this "personal-use exception" to cover only offenses that, in addition to constituting "a single offense involving possession for one's own use of 30 grams or less of marijuana," are also the "least serious" drug offenses under the law of the state

No. 13-60326

in which they were committed. Here, the BIA relied solely on this interpretation of the exception in holding the petitioner, Rene Flores Esquivel, ineligible for cancellation of removal. *See* 8 U.S.C. § 1229b(d)(1). Because we find no statutory basis for the additional requirement that the BIA's interpretation has tacked onto the personal-use exception, we GRANT Flores's petition for review, VACATE the BIA's decision, and REMAND this matter to the BIA for further proceedings.

I.

Flores is a native and citizen of Mexico. In 2001, when he was 16 years old, he was admitted to the United States as a lawful permanent resident (LPR). In 2003, he was convicted of the Class A misdemeanor of possession of marijuana within 1,000 feet of his high school, a "drug-free zone" under Texas law. Tex. Health & Safety Code Ann. §§ 481.121(b)(1), 481.134(f)(1). According to the probable-cause affidavit, a drug dog assigned to sniff cars in the parking lot of Flores's high school alerted authorities to the possible presence of narcotics in Flores's car. The resulting search of the car yielded 4.6 grams of marijuana. In 2011, Flores was again convicted of possession of marijuana, a Class B misdemeanor. *Id.* § 481.121(b)(1).

Flores traveled briefly to Mexico in 2012. When he sought reentry to the United States, the U.S. Department of Homeland Security (DHS) discovered his prior convictions. It then instituted removal proceedings against him, alleging that he was inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i)(II) because of his 2011 conviction for possession of marijuana.

In proceedings before the Immigration Judge (IJ), Flores conceded that the 2011 conviction rendered him inadmissible. He sought relief, however, in the form of cancellation of removal under 8 U.S.C. § 1229b(a). That statute permits an LPR to apply to have the Attorney General cancel his removal, so long as, among other things, the LPR "has resided in the United States

No. 13-60326

continuously for 7 years." *Id.* § 1229b(a)(2). DHS challenged Flores's eligibility to apply for cancellation of removal, contending that, in the light of his 2003 conviction and § 1229b's "stop-time rule," Flores did not satisfy the continuous-residence requirement. The stop-time rule, § 1229b(d)(1), provides that an alien's period of continuous residence is "deemed to end" when the alien has committed an offense that renders him inadmissible under § 1182(a)(2) or removable under 8 U.S.C. § 1227(a)(2) or (a)(4). Agreeing with DHS, the IJ determined that Flores's 2003 conviction rendered him inadmissible under § 1182(a)(2)(A)(i)(II), such that, under the stop-time rule, Flores's period of continuous residence ended in 2003. Accordingly, the IJ concluded that Flores was ineligible for cancellation of removal, and ordered him removed to Mexico.

Flores appealed to the BIA. In a single-member ruling, the BIA affirmed the IJ, but on a different ground. The BIA held that Flores's 2003 conviction triggered the stop-time rule not because (as the IJ had held) it rendered him inadmissible under § 1182(a)(2)(A)(i)(II), but because it rendered him removable under § 1227(a)(2)(B)(i). Nonetheless, the result, according to the BIA, was the same: under the stop-time rule, Flores's 2003 conviction terminated his period of continuous residence "long before he had accrued the necessary 7 years" to be eligible to apply for cancellation of removal.[1]

---

[1] Although it is unclear why the BIA declined to rest its affirmance of the IJ on the ground that Flores's 2003 conviction rendered him inadmissible under § 1182(a)(2)(A)(i)(II), the BIA may have been influenced by Flores's rationale for why it should not have done so—that because Flores was not seeking admission in 2003, § 1182(a)(2)'s admissibility requirements are irrelevant. Recently, a panel of this court rejected this rationale, holding that an LPR who is not seeking admission may nonetheless have his period of continuous residence stopped by an offense rendering him inadmissible under § 1182(a)(2). *Calix v. Lynch*, 784 F.3d 1000, 1005–12 (5th Cir. 2015). Regardless, we may not consider whether, under *Calix*, the IJ correctly determined that Flores was ineligible for cancellation of removal under § 1182(a)(2)(A)(i)(II), because "we may usually only affirm the BIA on the basis of its stated rationale." *Enriquez-Gutierrez v. Holder*, 612 F.3d 400, 407 (5th Cir. 2010) (citing *SEC v. Chenery Corp.*, 318 U.S. 80, 88 (1943)); *see also infra* p. 4.

No. 13-60326

Flores filed a motion to reopen with the BIA, which the BIA denied. He then filed a petition for review with this court.

## II.

Whether an individual is statutorily ineligible for cancellation of removal because of § 1229b(d)(1)'s stop-time rule is a question of law that we review de novo. *Miresles-Zuniga v. Holder*, 743 F.3d 110, 112 (5th Cir. 2014). When, as here, the BIA's decision agrees "in certain respects" with the IJ's decision but does not rely on that decision, "our review is confined to the BIA's analysis and reasoning." *Enriquez-Gutierrez*, 612 F.3d at 407.

## III.

## A.

The sole question before us is whether the BIA erred in determining that Flores's 2003 conviction for possession of marijuana in a drug-free zone rendered him removable under § 1227(a)(2)(B)(i). Section 1227(a)(2)(B)(i) provides as follows:

> Any alien who at any time after admission has been convicted of a violation of . . . any law or regulation of a State, the United States, or a foreign country relating to a controlled substance . . . other than a single offense involving possession for one's own use of 30 grams or less of marijuana, is deportable.

Flores acknowledges that his conviction constitutes an offense "relating to a controlled substance." He argues, however, that the conviction nonetheless does not render him ineligible for cancellation of removal because of the "personal-use" exception of § 1227(a)(2)(B)(i).

Under the personal-use exception, an alien is not rendered removable by "a single offense involving possession for one's own use of 30 grams or less of marijuana." § 1227(a)(2)(B)(i). According to its plain language, then, the exception applies if four elements are met—the offense must be (1) a single offense; (2) involving possession for one's own use; (3) of 30 grams or less; (4)

No. 13-60326

of marijuana. *See In re Davey*, 26 I. & N. Dec. 37, 39 (B.I.A. 2012) ("[The personal-use exception] refers not to a common generic crime but rather to a specific type of conduct (possession for one's own use) committed on a specific number of occasions (a 'single' offense) and involving a specific quantity (30 grams or less) of a specific substance (marijuana)."). Here, Flores has presented evidence—and the government has not disputed—that these four elements are met: Flores's 2003 conviction was his first; it was for possession for his own use, not for distribution; and he possessed 4.6 grams of marijuana. Thus, we can reach no conclusion other than that the exception applies.[2]

B.

In concluding to the contrary, the BIA's decision relied exclusively on the BIA's interpretation of the personal-use exception, which it first articulated in *Matter of Moncada-Servellon*, 24 I. & N. Dec. 62 (B.I.A. 2007); *see also Davey*, 26 I. & N. Dec. at 40 n.3. There, an LPR who had been convicted of possession of marijuana while in prison in violation of a California statute asserted that he was eligible for cancellation of removal under the personal-use exception. *Moncada-Servellon*, 24 I. & N. Dec. at 63. The BIA disagreed. According to

---

[2] As explained in the text, the BIA has held that, because the personal-use exception "refers not to a common generic crime but rather to a specific type of conduct," we should apply a "'circumstance-specific' inquiry," *Davey*, 26 I. & N. Dec. at 39, determining whether an alien's offense satisfies the exception by "look[ing] to the facts and circumstances underlying [the] conviction." *Nijhawan v. Holder*, 557 U.S. 29, 34 (2009); *see also Mellouli v. Holder*, 719 F.3d 995, 1001–02 (8th Cir. 2013) (applying the circumstance-specific approach to the personal-use exception), *rev'd on other grounds sub nom. Mellouli v. Lynch*, 135 S. Ct. 1980 (2015); *Martel-Martinez v. Holder*, 537 F. App'x 757, 758 (9th Cir. 2013) (same); *Grant v. Att'y Gen. of the U.S.*, 492 F. App'x 286, 288–89 (3d Cir. 2012) (same). Here, neither party argues that *Davey* is incorrect, such that we instead should determine whether the personal-use exception applies using the "categorical approach" outlined by the Supreme Court in *Taylor v. United States*, 495 U.S. 575 (1990). Even under the categorical approach, however, Flores's 2003 conviction would still satisfy the personal-use exception because no element of the statute of conviction restricts its application to possession of at least 30 grams of marijuana. *See* Tex. Health & Safety Code § 481.134(f)(1) (making "an offense otherwise punishable under Section . . . 481.121(b)(1) . . . a Class A misdemeanor if it . . . was committed" near a school); *id.* § 481.121(b)(1) (prohibiting possession of "two ounces or less" of marijuana).

the BIA, the personal-use exception encompasses "the least serious drug violations only—that is, those involving the *simple possession* of small amounts of marijuana." *Id.* at 65. In other words, the BIA read the statutory phrase "possession for one's own use," § 1227(a)(2)(B)(i), to be "interchangeable" with "the concept[] of 'simple possession'." *Id.* at 67. Thus, in the BIA's view, "[t]he personal-use exception is not intended or understood by Congress to apply to offenses that are significantly more serious than simple possession by virtue of other statutory elements that greatly increase their severity." *Id.* at 65. And because the LPR's offense of possessing marijuana in prison was "significantly more serious than simple possession," the BIA—applying its newly minted interpretation of the personal-use exception—held him ineligible for cancellation of removal. *Id.* at 64–67.

Citing *Moncada-Servellon*, the BIA here concluded that Flores's conviction for possession of marijuana in a school zone is, like the conviction for possession of marijuana in prison at issue in *Moncada-Servellon*, "significantly more serious than simple possession" because it is treated as such under Texas law. Accordingly, the BIA held that Flores is ineligible for cancellation of removal.

## C.

We do not see it quite the same way. We feel compelled to apply the plain language of the personal-use exception, not the gloss put upon it by the BIA in *Moncada-Servellon*. To be sure, precedential BIA decisions issued by a three-member panel—like the decision in *Moncada-Servellon*—may be entitled to *Chevron* deference. *See Dhuka v. Holder*, 716 F.3d 149, 154–56 (5th Cir. 2013). But "no deference," under *Chevron* or otherwise, "is due to agency interpretations at odds with the plain language of the statute itself." *Pub. Emps. Ret. Sys. v. Betts*, 492 U.S. 158, 171 (1989); *see also Texas v. United States*, 497 F.3d 491, 501 (5th Cir. 2007) ("Judicial deference is due only 'if the

agency interpretation is not in conflict with the plain language of the statute.'" (quoting *Nat'l R.R. Passenger Corp. v. Bos. & Me. Corp.*, 503 U.S. 407, 417 (1992))). For several reasons, we conclude that *Moncada-Servellon*'s interpretation of the personal-use exception is contrary to the plain meaning of the statute, and thus is not entitled to *Chevron* deference.

First and most importantly, *Moncada-Servellon*'s interpretation reads into the text of the personal-use exception a requirement that simply isn't there. *See Bates v. United States*, 522 U.S. 23, 29 (1997) ("[W]e ordinarily resist reading words or elements into a statute that do not appear on its face."). As noted, under *Moncada-Servellon*, an offense does not fall into the personal-use exception if it is "significantly more serious than simple possession." 24 I. & N. Dec. at 65. But on its face, the personal-use exception says nothing about the severity of the offense in comparison to "simple possession." Instead, it says only that an offense falls into the personal-use exception if it is "a single offense involving possession for one's own use of 30 grams or less of marijuana." § 1227(a)(2)(B)(i). Interpreters "must presume that a legislature says in a statute what it means and means in a statute what it says there." *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253–54 (1992). Here, Congress has said in the statute that aliens are not rendered removable by "single offense[s] involving possession for one's own use of 30 grams or less of marijuana." § 1227(a)(2)(B)(i). The BIA's preferred caveat—basically, "unless that possession occurs in a prison or school zone"—is nowhere to be found.

Second, *Moncada-Servellon*'s interpretation runs afoul of the "elementary canon of construction that when Congress uses different terms, 'each term is to have a particular, nonsuperfluous meaning.'" *Silva-Trevino v. Holder*, 742 F.3d 197, 203 (5th Cir. 2014) (quoting *Bailey v. United States*, 516 U.S. 137, 146 (1995)). In at least five different provisions of the INA, Congress accorded special treatment to aliens whose drug convictions are for "a single

No. 13-60326

offense of *simple possession* of 30 grams or less of marijuana."  8 U.S.C. § 1254a(c)(2)(A)(iii)(II) (emphasis added); *see also id.* § 1160(c)(2)(B)(ii)(III); *id.* § 1182(h); *id.* § 1255(h)(2)(B); *id.* § 1255a(d)(2)(B)(ii)(II).  By contrast, in § 1227(a)(2)(B)(i), Congress spoke not of "simple possession" but of "possession for one's own use."  The BIA's interpretation of § 1227(a)(2)(B)(i) equates the two terms, taking Congress to have meant "simple possession" when it said "possession for one's own use." *Moncada-Servellon*, 24 I. & N. Dec. at 67 ("[T]he concepts of 'simple possession' and 'possession . . . for one's own use' were understood by Congress to be interchangeable . . . .").  But the rest of the INA demonstrates that when Congress meant to say "simple possession," it knew how to do so.  Thus, Congress's use of the term "possession for one's own use" suggests that it meant just that—possession of marijuana for the alien's own use, without regard to whether the possession takes place in a prison, a school, or elsewhere.

Finally, the practical consequences of *Moncada-Servellon*'s interpretation indicate it a most unlikely reflection of congressional intent. Again: under *Moncada-Servellon* the determinative question with respect to the personal-use exception is whether the alien's offense of conviction was "significantly more serious than simple possession by virtue of other statutory elements that greatly increase [its] severity."  24 I. & N. Dec. at 65. Accordingly, because Flores possessed marijuana in a school zone, and because Texas law treats possession of marijuana in a school zone as more serious than possession of marijuana elsewhere, *see* Tex. Health & Safety Code Ann. § 481.134(f)(1), the BIA concluded that Flores is not entitled to the personal-use exception.  This interpretation of § 1227(a)(2)(B)(i) produces anomalous and arbitrary consequences, however, because some states do not distinguish between possession in a school zone and possession generally. *See, e.g.,* Miss. Code Ann. § 41-29-142(1) (prescribing enhanced penalties for a list of drug

crimes, but not for possession, if the crime occurs within 1,500 feet of a school).
Had Flores possessed marijuana in a school zone in one of these states, there
would be no "statutory elements that greatly increase the[] severity of the
offense" relative to simple possession. *Moncada-Servellon*, 24 I. & N. Dec. at
65. Thus, he presumably *would* be entitled to the personal-use exception—
even though his conduct for § 1227(a)(2)(B)(i) purposes was *exactly the same*
(i.e., in both situations, he "possess[ed] for [his] own use . . . 30 grams or less
of marijuana"). "Because [this] makes scant sense, the BIA's interpretation . .
. is owed no deference under" *Chevron*. *Mellouli v. Lynch*, 135 S. Ct. 1980, 1989
(2015); *cf. Lopez v. Gonzales*, 549 U.S. 47, 59 (2006) ("[I]t is just not plausible
that Congress meant to authorize a State to overrule its judgment about the
consequences of federal offenses to which its immigration law expressly
refers.").

D.

The BIA in *Moncada-Servellon* offered two justifications for its reading
of § 1227(a)(2)(B)(i), but neither is persuasive.

First, citing the five provisions of the INA that invoke the concept of
"simple possession," *see supra* pp. 7–8, the BIA reasoned that, in order to
"harmonize . . . disparate statutory sections into a complementary whole," the
personal-use exception must be read to encompass only simple possession.
*Moncada-Servellon*, 24 I. & N. Dec. at 65–66. As explained above, however,
this reasoning gets it exactly backward. According to an "elementary canon"
of statutory interpretation, Congress's use of the term "simple possession" in
some provisions of the statute—but not in the personal-use exception—
suggests, consonant with ordinary usage, that "possession for one's own use"

No. 13-60326

*differs* from "simple possession," not that the two terms are the same. *See Silva-Trevino*, 742 F.3d at 203.[3]

Second, the BIA pointed to the legislative history of § 1227(a)(2)(B)(i), which, in its view, shows that Congress intended the personal-use exception to cover only "simple possession." *Moncada-Servellon*, 24 I. & N. Dec. at 66–67. But it is well settled that "[l]egislative history, for those who take it into account, is meant to clear up ambiguity, not create it." *Milner v. Dep't of the Navy*, 562 U.S. 562, 574 (2011); *see also Miss. Poultry Ass'n v. Madigan*, 992 F.2d 1359, 1364 n.28 (5th Cir. 1993) ("[W]e do not consider the legislative history of a statute when construing the plain language . . . ; we do so after—but only after—a statute is first found to be ambiguous or silent.") Again, § 1227(a)(2)(B)(i) unambiguously provides that so long as an offense is (1) a single offense; (2) involving possession for one's own use; (3) of 30 grams or less; (4) of marijuana, then it does not render an alien removable. Legislative history cannot amend this unambiguous language to add a more-serious-than-simple-possession exception.[4]

---

[3] In any event, the BIA's "harmoniz[ation]" would itself be disharmonious in some respects. For example, one of the INA provisions that the BIA in *Moncada-Servellon* sought to "harmonize" § 1227(a)(2)(B)(i) with was § 1182(h), which under some circumstances gives the Attorney General discretion to waive an alien's inadmissibility "insofar as it relates to a single offense of simple possession of 30 grams or less of marijuana." But as the Supreme Court has recognized, "the statutory bases for excluding and deporting aliens have always varied," *Judulang v. Holder*, 132 S. Ct. 476, 479 (2011); so it is little surprise that the possession exceptions to mandatory exclusion and deportation should vary also.

[4] Even if we were to look to the legislative history the BIA cited, it is far from conclusive. The BIA cited a single committee report that explains the rationale behind § 1227(a)(2)(B)(i) as being to give the Attorney General discretion to cancel removal "as it relates to simple possession of marihuana" or when removal "is based solely on possession of small amounts of marihuana for one's own use." *Moncada-Servellon*, 24 I. & N. Dec. at 66–67 (citing H.R. Rep. No. 97-264, at 12 (1981)). At no point does the report say that "possession for one's own use" *means* "simple possession," however, and "[w]ith no precise legislative history to rely on, we should generally not stray from the language in an attempt to implement 'legislative intent.'" *In re Miller*, 570 F.3d 633, 639 (5th Cir. 2009).

No. 13-60326

\*       \*       \*

In sum, *Chevron* deference "'is premised on the theory that a statute's ambiguity constitutes an implicit delegation from Congress to the agency to fill in the statutory gaps.'"  *Calix v. Lynch*, 784 F.3d 1000, 1005 (5th Cir. 2015) (quoting *FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 159 (2000)).  In § 1227(a)(2)(B)(i)'s personal-use exception, however, there is simply no "gap" for the BIA to fill.  Because Flores's 2003 conviction satisfies the personal-use exception as Congress wrote it, and because the BIA's decision under review identified no other ground for holding him ineligible for cancellation of removal, we GRANT Flores's petition for review, VACATE the BIA's decision, and REMAND to the BIA for further proceedings consistent with this opinion.[5]

---

[5] Our disposition makes it unnecessary to consider Flores's argument that the BIA erred in denying his motion to reopen.

11

No. 13-60326

OWEN, Circuit Judge, dissenting:

With great respect, the majority opinion adopts a perverse construction of 8 U.S.C. § 1227(a)(2)(B)(i), and in particular, fails to give the words "other than" their natural and commonly-understood meaning. Congress chose to draft broadly when it said in this section of the Immigration and Nationality Act:

> *Any* alien who at *any* time after admission has been convicted of a violation of . . . *any law or regulation* of a State, the United States, or a foreign country *relating to a controlled substance . . . other than* a single offense involving possession for one's own use of 30 grams or less of marijuana, is deportable.[1]

This language means that our analysis of whether Flores Esquivel was deportable begins with the universe of all controlled substance offenses. The "other than" exception that carves out the possession of marijuana for personal use from this universe is narrowly drawn. If a controlled substance offense is an offense "other than" "possession for one's own use of 30 grams or less of marijuana," then it is a deportable offense. Flores Esquivel was convicted under Texas law for possessing 4.6 grams (less than one ounce) of marijuana, but there was another element to his conviction. He was convicted of knowingly or intentionally possessing marijuana *in a school zone*.[2] This element of Esquivel's conviction removes it from the exception in § 1227(a)(2)(B)(i), regardless of whether we apply a "circumstance-specific"

---

[1] 8 U.S.C. § 1227(a)(2)(B)(i) (emphasis added).

[2] TEX. HEALTH & SAFETY CODE ANN. §§ 481.121(b)(1), 481.134(f)(1) (West 2003).

12

approach[3] or a "categorical" approach[4] in construing and applying § 1227(a)(2)(B)(i).

The possession of marijuana in a drug-free zone—in this case, a school zone—is an offense that "involv[es]" something "other than" the mere possession of marijuana for one's own use. The offense of possession of marijuana in a school zone focuses on potential or possible harms beyond those emanating from the offense of possession for one's own use. Criminalizing possession of marijuana in a school zone reflects concerns for potential harm beyond harm to the individual possessing the drug. Those concerns include, but certainly are not limited to, the apprehension that marijuana may be shared with a student, thereby adversely affecting or influencing someone other than the original possessor of the marijuana; that a student who is in possession may use the drug during or just before the school day to the detriment or disruption of the educational process; that a person in possession of marijuana on school property will smoke or ingest the drug while still on school property and then drive under the influence in a school zone; or that someone in possession of marijuana and under the influence will drive through a school zone.

In this case, Flores Esquivel admitted to smoking marijuana in the morning before attending class. He was escorted from class after a drug-sniffing canine detected marijuana in his car at 10:15 a.m. He consented to a search of his vehicle and told the principal that marijuana was present. The officer who conducted the search found a "joint" and several "roaches" in the ashtray and a plastic bag containing 3.1 grams of marijuana.

---

[3] *See Nijhawan v. Holder*, 557 U.S. 29, 34 (2009).

[4] *See Taylor v. United States*, 495 U.S. 575, 577 (1990).

No. 13-60326

If 4.6 grams of marijuana had been found in Flores Esquivel's home, clearly, he would not be deportable under § 1227(a)(2)(B)(i). But when he took the additional step of bringing the marijuana into a drug-free zone, he committed an offense that differs from the offense of possession for one's personal use. The BIA correctly recognized this distinction.

In an earlier decision, the BIA also correctly recognized that possession of less than 30 grams of marijuana in a prison or other correctional setting is an offense that is outside the narrow exception for possession for one's own use in § 1227(a)(2)(B)(i).[5] The BIA recognized that "the statute under which the alien was convicted has *a formal element* requiring that the possession of marijuana be in a prison or other correctional setting."[6] The BIA further reasoned that "the respondent was convicted of possessing marijuana in prison, an offense that is significantly more serious than 'simple possession' because of the inherent potential for violence and the threat of disorder that attends the presence of drugs in a correctional setting."[7] In the case presently before us, the Texas statute under which Flores Esquivel was convicted had as a formal element the requirement that the possession of the marijuana be in a school zone. As already discussed, the rationale for creating such an offense and authorizing punishment more severe than that for mere possession of marijuana for personal use is the potential for harm to others and for disorder that bringing marijuana onto a school campus creates.

The majority opinion's holding requires future panels of our court to conclude that possession of less than 30 grams of marijuana in a prison is also

---

[5] *In re Moncada-Servellon*, 24 I. & N. Dec. 62, 65 (B.I.A. 2007).

[6] *Id.* at 64 (emphasis added).

[7] *Id.* at 65.

14

within the exclusion in § 1227(a)(2)(B)(i). The test, the majority opinion says, is simply this:

> According to its plain language, then, the exception applies if four elements are met—the offense must be (1) a single offense; (2) involving possession for one's own use; (3) of 30 grams or less; (4) of marijuana. *See In re Davey*, 26 I. & N. Dec. 37, 39 (B.I.A. 2012) ("[The personal-use exception] refers not to a common generic crime but rather to a specific type of conduct (possession for one's own use) committed on a specific number of occasions (a 'single' offense) and involving a specific quantity (30 grams or less) of a specific substance (marijuana)."). Here, Flores has presented evidence—and the government has not disputed—that these four elements are met: Flores's 2003 conviction was his first; it was for possession for his own use, not for distribution; and he possessed 4.6 grams of marijuana. Thus, we can reach no conclusion other than that the exception applies.[8]

This same analysis would apply in a case in which a person had been convicted of possessing marijuana in prison. If the offense has these four elements, it matters not that the offense also has one or more *other* elements, the majority opinion says. But such an analysis achieves the opposite of what § 1227(a)(2)(B)(i) directs. The majority opinion gives no effect to the words "other than" in § 1227(a)(2)(B)(i). The offense of possession of marijuana in a prison (or a school zone) has an element "other than" possession of less than 30 grams for one's own use.

Other aspects of the majority opinion's reasoning are suspect. The opinion states that the BIA (and my) interpretation of the personal use exception "produces anomalous and arbitrary consequences . . . because some states do not distinguish between possession in a school zone and possession

---

[8] *Ante* at 5.

generally."[9]  Does this mean that unless all fifty states enact a prohibition of possession of marijuana in a prison, Congress intended for such an offense to come within the personal use exclusion?  If all fifty states were to distinguish between possession generally and possession in a prison, would the meaning of the personal use exception change?  Whether some states have or have not enacted an offense that has elements *in addition to* possession of less than 30 grams of marijuana does not bear on how we are to interpret the language that Congress chose.  Congress said that *all* offenses "relating to a controlled substance" result in an alien being deportable unless the offense is one "other than" a conviction for "possession for one's own use of 30 grams or less of marijuana."  Possession of marijuana in a school zone or in a prison is an offense "other than" possession for one's own use because those offenses have an element that possession for one's own use does not have.

Courts routinely recognize that criminal statutes may largely overlap, but if an offense has one element that is in addition to the elements of an otherwise identical statute, then there are two offenses.  For example, battery can be defined as an offensive touching.[10]  But if the battery is accompanied by the brandishment of a deadly weapon, the offense may be something other than simple battery and termed aggravated battery with a correspondingly greater penalty.[11]

I also note that although the Supreme Court has not addressed the issue in the present case, there is an indication that the Court generally agrees with the BIA's view of the personal possession of marijuana exception in

---

[9] *Ante* at 9-10.

[10] *See* WAYNE R. LAFAVE, CRIMINAL LAW § 16.2(a) (5th ed. 2010).

[11] *Id.* § 16.2(d).

§ 1227(a)(2)(B)(i). In *Padilla v. Kentucky*, the Court explained that this section "addresses not some broad classification of crimes but specifically commands removal for all controlled substances convictions except for the most trivial of marijuana possession offenses."[12] Possession of marijuana in a school zone or in a prison are not trivial offenses.

One may ask, what difference does the majority opinion's holding today make in light of our court's decision in *Calix v. Lynch*?[13] We held in *Calix* that the stop-time rule considers whether an alien would be inadmissible under § 1182(a)(2), or would be removable under § 1227(a)(2). We concluded that because the alien was inadmissible under § 1182(a)(2), due to a conviction for possession of marijuana, the stop-time rule applied.[14] It was accordingly irrelevant whether he was also removable under § 1227(a)(2). Presumably, in the present case, on remand to the BIA, it will be determined that Flores Esquivel would be inadmissible under § 1182(a)(2) because of his conviction for possession of marijuana, and Flores Esquivel will be found removable because of the application of the stop-time rule. Nevertheless, today's decision matters because it has authoritatively construed § 1227(a)(2)(B)(i). In a case in which only removability is at issue, and not the stop-time rule, today's decision will be controlling in this Circuit.

\* \* \*

I would deny the petition, and I accordingly dissent.

---

[12] 559 U.S. 356, 368 (2010).

[13] 784 F.3d 1000 (5th Cir. 2015).

[14] *Id*. at 1011-12.

17