**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2242
_____

DWAYNE KAMAR SYBBLISS,
                                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A062-463-186)
Immigration Judge: Mirlande Tadal

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 3, 2021
Before:  GREENAWAY, JR., KRAUSE and BIBAS, Circuit Judges

(Opinion filed: August 5, 2021)
_____

OPINION[*]
_____

PER CURIAM

Dwayne Kamar Sybbliss petitions for review of his final order of removal.  We

will deny the petition.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

I.

Sybbliss is a citizen of Jamaica who entered the United States as a lawful permanent resident in 2012. Sybbliss was later convicted twice in 2015 and once in 2018 of possessing 50 grams or less of marijuana in violation of N.J. Stat. Ann. § 2C:35-10(a)(4). On the basis of all three convictions, the Department of Homeland Security charged Sybbliss as removable for having been convicted of a controlled substance violation "other than a single offense involving possession for one's own use of 30 grams or less of marijuana[.]" 8 U.S.C. § 1227(a)(2)(B)(i). (A.272.) Sybbliss conceded his convictions but contested the charge. He did not apply for any relief from removal. An Immigration Judge ("IJ") sustained the charge and ordered Sybbliss's removal to Jamaica. The Board of Immigration Appeals ("BIA") affirmed by dismissing Sybbliss's appeal on the merits. Sybbliss petitions for review.[1]

II.

Sybbliss raises essentially four arguments on review, but they lack merit. First, Sybbliss argues that he is not removable pursuant to § 1227(a)(2)(B)(i) because he qualifies for the so-called "personal use" exception under that statute. As noted above, the statute renders noncitizens removable for controlled substance violations "other than a single offense involving possession for one's own use of 30 grams or less of

---

[1] We have jurisdiction under 8 U.S.C. § 1252(a)(1). Sybbliss's convictions limit our jurisdiction to constitutional claims and questions of law. See 8 U.S.C. § 1252(a)(2)(C), (D). Sybbliss's arguments qualify, and we review them de novo. See Myrie v. Att'y Gen., 855 F.3d 509, 515 (3d Cir. 2017).

marijuana[.]" 8 U.S.C. § 1227(a)(2)(B)(i). Sybbliss argues that he qualifies for this exception because his three offenses collectively involved less than 30 grams.

The BIA properly rejected that argument. The statute excepts only a "single offense," and Sybbliss does not qualify for the exception because he has been convicted of three offenses,[2] not one. See Rodriguez v. Holder, 619 F.3d 1077, 1079-80 (9th Cir. 2010) (per curiam). None of the authorities on which Sybbliss relies suggests otherwise,[3] and his arguments about Congressional intent and the wisdom of the law[4] do not allow us to disregard the plain language of this statute. Thus, we agree with the BIA that Sybbliss does not qualify for the personal-use exception.[5]

---

[2] In his brief, Sybbliss asserts that his 2018 conviction "was expunged by a State Judge." Sybbliss has not provided any details or raised any argument in that regard, and he does not appear to have raised this issue before the BIA. In any event, the analysis herein would be the same if Sybbliss had two operative convictions rather than three.

[3] Sybbliss relies, for example, on Esquivel v. Lynch, 803 F.3d 699 (5th Cir. 2015). In that case, the court rejected the BIA's conclusion that the personal-use exception did not apply to a conviction of possessing marijuana within 1,000 feet of a school. See id. at 702-06. Esquivel did not involve multiple convictions and did not suggest that the personal-use exception applies despite multiple conviction. To the contrary, the court recognized that the exception applies only when the conviction in question is the noncitizen's first controlled substance offense. See id. at 702.

[4] Sybbliss notes that New Jersey voters have approved a state constitutional amendment legalizing recreational marijuana. He does not argue that this development invalidates his convictions or their immigration consequences, however, and it does not. Cf. Khan v. Att'y Gen., 979 F.3d 193, 201-03 (3d Cir. 2020).

[5] For the same reason, we reject Sybbliss's argument that he was eligible for a waiver under 8 U.S.C. § 1182(h). That provision, inter alia, allows the Attorney General to waive inadmissibility under § 1182(a)(2)(A)(i)(II) "insofar as it relates to a single offense of simple possession of 30 grams or less of marijuana[.]" 8 U.S.C. § 1182(h); see also

3

Second, Sybbliss argues that his marijuana convictions are not otherwise removable offenses under § 1227(a)(2)(B)(i). He relies solely on a statement by a panel of this Court in Saunders v. Attorney General, 197 F. App'x 189 (3d Cir. 2006) (not precedential). In that case, the panel concluded that the offense of selling marijuana in violation of New York Penal Law § 221.40 did not qualify for the personal-use exception because the offense required a sale rather than mere personal use. See id. at *1. In doing so, the panel stated that, while § 1227(a)(2)(B)(i) "does not require that petitioner have engaged in 'trafficking" in a controlled substance," it requires "that he has engaged in something more than mere possession of less than 30 grams of marijuana." Id.

Sybbliss argues that his offenses are not removable under the statute because, even considering his three convictions collectively, he did not engage in "something more than mere possession of less than 30 grams of marijuana." But this statement in Saunders, in addition to appearing in a nonprecedential opinion, merely distinguished between an offense involving a sale and an offense involving personal use. It did not address the effect of multiple convictions. Nor did it suggest that convictions of marijuana possession that do not qualify for the personal-use exception are not controlled substance violations, which they indisputably are.[6]

---

Syblis v. Att'y Gen., 763 F.3d 348, 352 (3d Cir. 2014) (emphasizing that the waiver applies only to a "single offense").

[6] Before the IJ, Sybbliss filed a motion to terminate his removal proceeding and argued that his convictions do not qualify as removable controlled substance violations for the different reason that New Jersey law classifies them as disorderly persons offenses. He

Third, Sybbliss argues that the IJ denied him due process because she acted as an advocate for the Government by "bringing" or "expanding" the charges against him to include all three of his convictions. Sybbliss claims that the IJ did so because the Government, in opposition to his motion to terminate, did not specifically argue that his three separate convictions prevented him from qualifying for the personal-use exception.

There is no basis for this argument. Sybbliss's motion to terminate was not based on the personal-use exception. In any event, the Government expressly charged Sybbliss as removable on the basis of all three of his convictions and expressly charged that he was removable because he was convicted of a controlled substance violation "other than a single offense involving possession for one's own use of 30 grams or less of marijuana[.]" 8 U.S.C. § 1227(a)(2)(B)(i). (A.272.) The IJ did not "bring" a charge or "expand" the charges against him by sustaining that charge.

Finally, Sybbliss argues that the IJ erred in informing him that he is not eligible for cancellation of removal under 8 U.S.C. § 1229b(a). Sybbliss raised this argument before the BIA, and the BIA did not address it, but we need not remand for the BIA to do so because Sybbliss is ineligible for cancellation as a matter of law. See Ricketts v. Att'y Gen., 955 F.3d 348, 351-52 (3d Cir. 2020); see also Yuan v. Att'y Gen., 642 F.3d 420, 427 (3d Cir. 2011) (adopting harmless-error review in the immigration context).

_____

has not raised that issue on review. Even if he had, the IJ applied the proper framework in rejecting that argument and we see no immediately apparent basis to question her conclusion. See Castillo v. Att'y Gen., 729 F.3d 296, 307 (3d Cir. 2013).

Lawful permanent residents like Sybbliss are eligible for cancellation of removal if, inter alia, they have "resided in the United States continuously for 7 years after having been admitted in any status[.]" 8 U.S.C. § 1229b(a)(2). The period of continuous residence is deemed to end either "(A) . . . when the alien is served with a notice to appear under section 1229(a) of this title, or (B) when the alien has committed an offense" that renders the alien inadmissible or removable, "whichever is earliest." 8 U.S.C. § 1229b(d)(1)(A) & (B) (emphasis added).

Sybbliss relies on the first of these provisions, as well as Pereira v. Session, 138 S. Ct. 2105 (2018), in arguing that he accrued seven years of continuous residence before the DHS served his notice to appear in October 2019. But Sybbliss's period of continuous residence ended under the second of these provisions before he accrued seven years. Sybbliss arrived in the United States in 2012, and he committed all three offenses between 2015 and 2018, so his period of continuous residence ended under the second of these provisions before he accrued seven years. See Barton v. Barr, 140 S. Ct. 1442, 1449 (2020). Pereira did not involve the second of these provisions and does not otherwise support any argument in this regard. See Pereira, 138 S. Ct. at 2110 n.3 (noting that § 1229b(d)(1)(B) "is not at issue here").

## III.

For these reasons, we will deny Sybbliss's petition for review. The Government's motion to dismiss his petition for lack of jurisdiction is denied.